### HOLLINGSHEAD *v.* AMERICAN NATIONAL BANK OF MACON, for use.

1. A plea by an accommodation indorser or security, to a suit upon a note, which seeks to avoid liability on the ground that the indorsement was obtained by deceitful and fraudulent means, is insufficient, when the only fraudulent conduct complained of is a failure on the part of a cosurety, who presented the note for indorsement, to disclose the true nature and purport of the note at the time defendant indorsed it, the defendant believing at the time that he was indorsing a note given for an entirely different consideration from that which was the subject-matter of the suit.

2. An extension of time by a creditor to his principal debtor is a sufficient consideration to support the indorsement of a note renewing the original debt.   The court committed no error in striking defendant's pleas and in directing a verdict against him.

Argued February 24, — Decided April 13, 1898.

Complaint on note.   Before Judge Hart.   Baldwin superior court.   January term, 1897.

The American National Bank of Macon sued the Milledgeville Oil and Fertilizer Co. as maker, and Hollingshead and

others as indorsers (they appearing to be sureties by indorsement), upon a promissory note, and pending the suit the securities, except Hollingshead, paid off and discharged the note in the hands of the bank; and the suit proceeded for the use of the paying sureties, for the purpose of requiring Hollingshead to contribute his portion of the liability. The court directed a verdict against him, and overruled his motion for a new trial. The motion alleges that the court erred in directing the verdict, and in refusing to charge the jury in the language of section 2970 of the Civil Code; and further erred in striking the various pleas filed by defendant, some of which he claims raised issues of fact which should have been passed upon by a jury. By these pleas he alleges that he is not indebted to plaintiff in manner and form as alleged; and further, that about February 26, 1892, he was elected a director in the Milledgeville Oil and Fertilizer Co., and it was agreed and decided, in order to keep the company's mill in operation, that they would borrow $2,000 for which he agreed to indorse a note with the other directors. A few days thereafter R. W. Roberts, one of the directors of long standing in the company, brought defendant a note for $2,000 for him to indorse. Defendant did not read the note, but was led to believe, from all the facts and circumstances, that it was the note he had agreed to indorse to procure money for the future operation of the mill, when in fact it was a renewal note to be given to the bank for one then past due, indorsed by Roberts and the other directors of the company long before defendant ever became a director, and for which he was in no way liable, and never intended to become liable, nor would he have indorsed the note sued on had it not been for the deceitful and fraudulent means practiced upon him by Roberts in not disclosing to him the true nature and purport of the note at the time defendant indorsed it. He never intended, after he was made a director to make himself individually liable for any debts already contracted, and so stated and expressed himself. He agreed to indorse a note to obtain cash for the then present and future operation of the mill, but not for money already borrowed and recklessly spent by an incompetent board of directors; and he

was induced to indorse the note sued on by deceitful, artful and fraudulent means. He never knew of his indorsement of the note sued on until after the rendition of a void judgment against him thereunder at the July term, 1893.

This plea was sworn to on January 11, 1897. On the same day defendant offered an amendment thereto, alleging that there was no consideration for his indorsement of the note, and he was never served with the declaration or process in said case, nor did he appear or plead, nor did he waive copy of declaration or process, nor authorize any one to do any of these things until since the last term of court. Further, that since the filing of the declaration and prior to service upon him, the note was paid off and discharged by the other defendants who were primarily liable on the debt of which the note sued on was a renewal, which other defendants were released and discharged, and thereby this defendant was released and discharged by operation of law.

*D. B. Sanford, J. D. Howard, C. T. Crawford, T. M. Hunt* and *R. H. Lewis,* for plaintiff in error.

*Roberts & Pottle* and *Whitfield & Allen,* contra.

LEWIS, J. It appears from the record in this case that the pleas relied upon by the defendant were, first, fraud perpetrated upon him in the procurement of his indorsement on the note; and second, want of consideration. The plea sets forth that one of the coindorsers or sureties on the note brought the same to the defendant for the purpose of obtaining his indorsement thereon; that he (defendant) did not read the note, and that he was under the impression it was for another debt of the company, on account of a previous agreement entered into by the directors of the company which was the maker of the note, to borrow money for the purpose of carrying on the business of the company, and the defendant thought the note presented to him was for this purpose. He does not allege that any representation whatever was made to him as to the contents of the note, and his failure to read the same was manifestly the result of his own laches, against which neither a court of law nor of equity can give relief.

It further appeared from the plea that this note was given for an antecedent debt due to the plaintiff by the maker. The note upon its face shows that time was extended on that debt. It is not set forth in the plea in what particular there had been any failure of consideration. The principle announced in the second headnote requires no argument to demonstrate its correctness. We therefore conclude that the pleas set up no legal defense against the payment of the note, and that the court did not err in striking the same on demurrer and in directing a verdict for the plaintiff.

*Judgment affirmed. All concurring, except Cobb, J., absent.*