UNITED AND GLOBE RUBBER MANUFACTURING COMPANIES (BODY CORPORATE), PLAINTIFF IN ERROR v. CHARLES L. CONARD, RECEIVER OF STANDARD RUBBER COMPANY, JAMES D. BRADY, JOHN M. WRIGHT AND ANDREW C. REEVES, DEFENDANTS IN ERROR.

Submitted July 11, 1910—Decided November 14, 1910.

1. An agreement to forbear action at law for an existing indebtedness furnishes a sufficient and lawful consideration for an undertaking by a third party to pay the debt.

2. A promise to forbear action at law for an existing indebtedness where no period is fixed, imports that the forbearance shall be for a reasonable time, and furnishes a sufficient consideration for the undertaking of a third party to pay the debt.
3. A partial failure of consideration operates not as a complete defence, but only as a ground for an abatement of the damages.
4. A promise may be a sufficient consideration for a promise; and it is the promise, and not the performance thereof, that constitutes the consideration, except where, by the terms or necessary intendment of the agreement, performance on one side is made a condition precedent to performance on the other.

On error to the Supreme Court.

· For the plaintiff in error, *John T. Van Cleef* and *W. Holt Apgar.*

For the defendants in error, *Linton Satterthwait* and *Stephen C. Cook.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. This action was founded upon a bond under seal, bearing date September 18th, 1907, made by the Standard Rubber Company as principal and Messrs. Brady, Wright and Reeves as sureties, whereby they acknowledged themselves to be indebted unto the plaintiff in the sum of $6,000, with a condition thereunder written of which the following is a copy:

"The condition of the above obligation is such, that whereas the said United and Globe Rubber Manufacturing Companies of Trenton, New Jersey, have extended to the said Standard Rubber Company a certain line of credit, and are requested to further extend said line of credit for goods and merchandise purchased by said Standard Rubber Company or about to be purchased by said company of said United and Globe Rubber Manufacturing Companies of Trenton, New Jersey,

"Now, therefore, if the indebtedness already incurred by the said Standard Rubber Company for goods and merchandise so purchased, shall be fully paid and satisfied upon demand when due, and all future claims arising from a fur-

ther extension of credit given to the said Standard Rubber Company by the said United and Globe Rubber Manufacturing Companies of Trenton, New Jersey, shall be fully paid and satisfied as they shall respectively come due and payable, without any fraud or other delay, then this obligation to be void, or else to remain in full force and virtue."

Between the execution of the bond and the commencement of the action, the Standard Rubber Company was decreed to be insolvent, and the defendant Conard was appointed receiver thereof. Suit was brought against him and the sureties upon the bond. The trial resulted in a verdict in favor of the defendants, and the judgment thereupon entered is brought here by writ of error for review, upon the ground that the verdict was the product of erroneous instructions given by the trial judge to the jury.

The evidence showed that at the time of the making of the bond the Standard company was indebted to the United companies (the plaintiff) in a considerable sum of money for goods and merchandise theretofore sold and delivered. In the following January a demand was made for payment of this indebtedness. The demand not having been complied with, the action was commenced about six months later.

The defence was principally rested upon an alleged failure of the consideration upon which the bond was given. The evidence tended to show that the Standard company, being indebted to the plaintiff as already mentioned, was in doubtful financial condition, so that the account was placed in the hands of Mr. Van Cleef, attorney of the plaintiff, for collection; and that the bond was the result of negotiations between him and the officers of the Standard company. It was insisted on the part of the defence that the sole, or at least a substantial part of the consideration was the promise of the plaintiff, made by Van Cleef and by Mr. Broughton, its president, that if the Standard company and the individual defendants (who were among its officers) would give the bond, a further line of credit would be extended to that company by the plaintiff. The evidence introduced on the part of the defendant tended to show that promises to this

effect were made. The evidence on the part of the plaintiff tended to show that the sole consideration for the bond was the promise of the plaintiff to forbear action against the Standard company for the goods already purchased.

There was nothing to show that payment of the old account was extended for any definite length of time; nor, on the other hand, that further credit for any particular amount or for any particular length of time was promised. It was proved, without dispute, that plaintiff refused to extend any further credit to the Standard company after the bond was given. Plaintiff did, however, refrain from bringing any action to collect the existing account until the present suit was brought, as already mentioned.

In this state of the proofs, counsel for the plaintiff requested the trial judge to instruct the jury that if they believed the bond was executed to secure either a forbearance of suit or an extension of time, or both, or a further credit, or for all those things, then there was a sufficient consideration, and the obligors on the bond were liable. This instruction was refused and an exception duly sealed.

The judge instructed the jury that if the extension of further credit by the plaintiff to the Standard company was a part of the consideration for the making of the bond, and if plaintiff refused to extend such line of credit, the consideration failed, and failed in such a substantial part that the plaintiff was not entitled to recover. To this instruction exception was likewise sealed.

We entertain no doubt that an agreement to forbear action at law against the Standard company for the existing account would furnish a sufficient and lawful consideration for the making of the bond. Such a promise, where no period is fixed, imports that the forbearance shall be for a reasonable time, and (at least if followed by actual forbearance for a reasonable time) furnishes a sufficient consideration for the undertaking of a third party to pay the indebtedness. 1 *Pars. Cont.*, bk. 2, ch. 1, § 5; 1 *Chit. Cont.* (11*th Am. ed.*) 40; 6 *Am. & Eng. Encycl. L.* (2*d ed.*), tit. *"Consideration,"* 743, 748; 9 *Cyc.*, tit. *"Contracts,"* 338, 342, 344; *Oldershaw* v.

*King* (1857), 2 *Hurl. & Nor.* 517; *Boyd* v. *Freize* (1856),
5 *Gray* (*Mass.*) 553; *Howe* v. *Taggart* (1882), 133 *Mass.*
284; *Strong* v. *Sheffield* (1895), 144 *N. Y.* 392.

The judicial rulings now under consideration were the re-
sult of the view taken by the trial judge of the legislation of
this state permitting an inquiry into the consideration of
sealed instruments. The ruling was, in effect, not only that
such consideration was open to inquiry, but (*a*) that a partial
failure of consideration, if demonstrated, would operate as a
complete defence; and (*b*) that a failure by plaintiff to per-
form its promise to extend a further line of credit amounted
to such "failure of consideration."

We may first review the legislation referred to, and the
decisions construing it.

By section 15 of the revised act concerning evidence
(*Pamph. L.* 1900, *p.* 366), it is declared that in every action
upon a sealed instrument a party may plead and set up as a
defence fraud in the consideration of the contract upon which
recovery is sought, or the want or failure of consideration,
the same as if such instrument were not sealed.

So much of this section as relates to "fraud in the consid-
eration" originated in *Pamph. L.* 1871, *p.* 8, which was en-
titled as a supplement to the Practice act. In the revision of
1874 it was carried into the act concerning evidence as sec-
tion 16 (*Gen. Stat., p.* 1400).

Prior to the act of 1871 this court had held that fraud or
failure in the consideration of a sealed instrument could not
be inquired into in a court of law, the inquiry there being
limited to fraud in the execution of the instrument. *Rogers*
v. *Colt*, 1 *Zab.* 704, 713; *affirming, S. C.*, 1 *Id.* 18. See, also,
*Stryker* v. *Vanderbilt*, 1 *Dutcher* 482, 494.

In *Lord* v. *Brookfield* (1875), 8 *Vroom* 552, this court
construed the act of 1871 as putting contracts under seal on
the same footing as parol contracts with respect to the de-
fence of fraud in the consideration; holding at the same time
that the statute was not designed to subvert the established
and fundamental principles upon which the system of plead-
ing was based, its object being merely to place contracts under

seal on an equality with contracts by parol with respect to pleading and evidence; and since a partial failure of consideration would not before the statute be a complete defence to an action upon a parol contract, but only a ground for reducing the amount to be recovered, so also under the statute a partial failure of consideration does not work a complete bar to an action upon a sealed instrument, but can only be used at the trial to reduce the amount of the plaintiff's recovery.

The words, "or the want or failure of consideration," were inserted by the revisers of 1900 evidently for the purpose of applying the same rule to all cases, whether the failure of consideration arose out of fraud or not.

By an act of 1875 entitled "An act concerning sealed instruments" (*Pamph. L.* 1875, *p.* 56; *Gen. Stat., p.* 1413, *pl.* 72), it was enacted "that in every action upon a sealed instrument, or where a set-off is founded upon a sealed instrument, the seal thereof shall be only presumptive evidence of a sufficient consideration, which may be rebutted as if such instrument was not sealed; and that all instruments executed with a scroll, or other device by way of a scroll, shall be deemed a sealed instrument."

In *Aller* v. *Aller* (1878), 11 *Vroom* 446, our Supreme Court held that this act was not intended to abolish all distinction between specialties and simple contracts; that it does not reach the case of a voluntary agreement where there was no consideration and none intended by the parties; that it establishes a new rule of evidence by which the consideration of sealed instruments may be shown, but does not express a legislative intent to make it impossible for parties to enter into solemn contracts under seal and become bound thereby, without consideration, where no consideration was intended. It was, consequently, held not to be a good defence to a promise in writing under seal that it was voluntary.

This case has been often cited, and never with disapproval. *Braden* v. *Ward,* 13 *Vroom* 518, 523; *Waln* v. *Waln,* 29 *Id.* 640, 642; *Campbell* v. *Tompkins,* 5 *Stew. Eq.* 170, 172; *Con-*

over v. *Brown,* 4 *Dick. Ch. Rep.* 156, 171; *Landon* v. *Hutton,* 5 *Id.* 500, 505; *Kase* v. *Bennett,* 9 *Id.* 97, 102; *Cowdrey* v. *Cowdrey,* 1 *Buch.* 353, 362; *Gray, Receiver,* v. *Canadian, &c., Credit Co.,* 18 *N. J. L. J.* 16.

In the Revised Practice act of 1874, § 129 (*Gen. Stat., p.* 2555), it was enacted with respect to contracts not under seal that "the defendant may set up as a defence in abatement of the damages to be recovered by the plaintiff, a defect in, or partial failure of, the consideration of the contract sued on, and may also recoup any damages which he may have sustained by reason of the non-performance or defective performance of any part of the same contract by the plaintiff; *provided,* that a notice of the particulars of such defence be annexed to the plea and filed therewith."

This section may have been intended to set at rest a matter upon which the Supreme Court had rendered contradictory decisions. In *Allen* v. *Bank of U. S.* (1846), *Spenc.* 620, it had held a partial failure of consideration to be no defence at law to an action on a note or check, where the amount to be deducted on account of such failure was unliquidated. In *Bouker* v. *Randles,* 2 *Vroom* 335, 341, the court had shown an inclination to depart from this rule, although well established by its previous decisions, and in *Wyckoff* v. *Runyon* (1868), 4 *Id.* 107, 108, Allen *v.* Bank of U. S. was distinctly overruled, and it was held that in a suit between the original parties to a promissory note, a partial failure of consideration might be set up as a defence to the same extent as though the action were founded on such consideration.

Section 129 of the Practice act of 1874 at first applied only to contracts not under seal. But the Supreme Court, at the June term, 1885, promulgated a rule extending it to actions on contract under seal. *Corbin's N. J. Court Rules* (*ed. of* 1885) 81. The legislature in 1896 amended the section so as to make it applicable to actions upon contract whether under seal or not. *Pamph. L.* 1896, *p.* 185. Thereupon the Supreme Court, in the revision of its rules made in 1900, omitted rule 83 of the revision of 1885 as being no longer necessary.

And in the Revised Practice act of 1903, the former section 129, as amended in 1896, became section 105 (*Pamph. L.* 1903, *p.* 568), which provides that, "In an action upon a contract, whether under seal or not, the defendant may set up in abatement of the debt or damages claimed, a defect in or partial failure of the consideration of the contract sued on; the defendant may also recoup all damages which he may have sustained by reason of any cause of action arising out of the contract or transaction which is the subject of the action; *provided,* a notice of the particulars of such counter-claim be annexed to the plea and filed therewith," &c.

This section recognizes that a partial failure of consideration operates not as a complete defence, but only as a ground for an abatement of the damages.

The distinction between the rebutting of a consideration and the recoupment of damages is sufficiently clear, and was noticed in *Price's Exrs.* v. *Reynolds,* 10 *Vroom* 171. In the present case the defence was not rested at all upon a recoupment.

The trial judge plainly erred in treating a partial failure of consideration as a complete defence. At the most it would operate only as a ground for abatement of the damages.

But we think there was further error in treating the defence pleaded and proved (if proved it was) as an instance of failure of consideration. The theory was that if the plaintiff's agreement to extend a further line of credit to the Standard Rubber Company was a part of the consideration upon which the bond in suit was given, then if the plaintiff afterwards defaulted in the performance of that agreement there was in a legal sense a failure of consideration.

It is elementary that a promise may be a sufficient consideration for a promise. *Pars. Cont., bk.* 2, *ch.* 1, § 9; 1 *Chit. Cont.* 50. And it is the promise, and not the performance thereof, that constitutes the consideration, except where by the terms or necessary intendment of the agreement between the parties, performance on one side is made a condition precedent to performance on the other. 9 *Cyc., tit. "Contracts,"* 642.

But in the case before us it will be observed that by the terms of the condition of the bond, the indebtedness already due from the Standard company to the plaintiff was to be paid upon demand when due, while the alleged further line of credit was to be extended from time to time as merchandise might be required by the Standard company. This court has recently held that where there are mutual promises, and the time for performance by one party may arrive before the time for performance by the other, the latter promise is an independent obligation and not a condition precedent of the former, and its non-performance does not constitute a bar to an action upon the former promise. *Kinney* v. *Federal Laundry Co.,* 46 *Vroom* 497.

It seems to us, therefore, that the plaintiff's promise to extend the further line of credit (if it was in fact made and was sufficiently definite to amount in law to an agreement) was at most an independent undertaking, the non-performance of which does not constitute a bar to the plaintiff's action upon the bond.

For these reasons it seems to us the trial judge erred in refusing plaintiff's request to charge above mentioned, and likewise erred in the instruction given to the jury in the respect pointed out by plaintiff's exception thereto.

The judgment under review should be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Dill, Congdon. JJ. 14.