UNITED AND GLOBE RUBBER MANUFACTURING COMPANIES OF TRENTON, NEW JERSEY, PLAINTIFF, DEFENDANT IN ERROR. v. CHARLES L. CONARD, RECEIVER OF STANDARD RUBBER COMPANY, JAMES D. BRADY, JOHN M. WRIGHT AND ANDREW C. REEVES. DEFENDANTS, PLAINTIFFS IN ERROR.

Argued November 27, 1911—Decided March 4, 1912.

1. Where the court has, in its opinion, discussed and determined a proposition raised by the pleadings, to support which testimony was received at the trial, and the question is necessarily involved in the case, or essential to its determination, the remarks of the judge who delivered the opinion of the court, which are pertinent to the issue thus presented, are not *obiter dicta*, and an argument on a second writ of error in the same case founded on a contrary theory is the reargument of a question already decided, in avoidance of our rule relating to rearguments, and cannot be given any effect.

2. The present record being examined it appears that the precise question now argued was considered and determined in disposing of a former writ of error in this case, and that such consideration and determination was essential to the disposition of the case then presented, and therefore the opinion of the court thereon was not *obiter*.

---

On error to the Supreme Court.

For the plaintiffs in error, *Linton Satterthwait* and *Stephen C. Cook.*

For the defendant in error, *John T. Van Cleef* and *W. Holt Apgar.*

The opinion of the court was delivered by

BERGEN, J.   This action, which is now under review on a second writ of error, is founded upon a bond given to the plaintiff by defendants in the penal sum of $6,000 conditioned that if the indebtedness already incurred by the principal obligor, the Standard Rubber Company, be fully paid. and all future claims arising from a further extension of credit by the plaintiff to the principal obligor be paid, then the bond to be void.   The trial court following, as it supposed, the previous decision in this case, directed a verdict for the plaintiff, and defendants seek a review of that order.

The questions requiring consideration are all contained in the second assignment of error which is based upon the refusal of the trial court to submit to the jury the question whether. under the evidence, the consideration for the execution of the bond was the promise of the plaintiff to extend further credit to, and fill the orders of, the Standard Rubber Company, and also whether, if there was such a consideration, there had been an entire failure of consideration.

The precise question was fully discussed in the opinion read for this court by the Chancellor reported under the present title in 51 *Vroom* 286, but the plaintiffs in error insist that so much of the opinion as declares that the plaintiff's promise. if there was such a promise, to extend further credit was an independent undertaking, the non-performance of which does not constitute a bar to an action on the bond, was *obiter*. and thereupon argues the question as if it had not been involved in, or essential to, the determination of the earlier case.

That the part of the opinion questioned on this argument was not *obiter dictum* an examination of that record clearly

discloses. One of defendants' pleas is that the consideration of the bond "was a continuance of, and further extension of, credit by the plaintiff to the Standard Rubber Company," and one of the exceptions in the former record was based upon the charge of the trial court that if the extension of further credit was a part of the consideration for the execution of the bond, and the credit was refused, the refusal was such a failure of consideration as to prevent a recovery on the bond. The failure of consideration was one of the substantial defences set up, and the question thus raised was not only material, but its consideration was necessary and essential to the proper disposition of the cause. It is difficult to conceive how the cause, as presented, could be properly decided without disposing of this very prominent and material question. The argument made in this case questions the correctness of the determination by this court of the precise question raised when this case was here by virtue of a former writ of error, and is in effect a reargument of the same question, in the same cause in avoidance of our rule relating to rearguments, and it cannot be given any effect.

The judgment below is affirmed.

*For affirmance*—GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, JJ. 11.

*For reversal*—None.