## HAYES et al. v. COVINGTON.

No. 14952—Opinion Filed Oct. 21, 1924.

**1. Contracts — Breach of Contract — Measure of Damages.**

Section 2852, Rev. Laws 1910, defines the measure of damages for the breach of a contract as the amount which will compensate for all the detriment proximately caused thereby.

**2. Same—Liability on Bond.**

Under the terms of the contract involved

in this case, where the obligee in the bond materially changed his position and gave up a cash consideration of $2,258.60 for the contract stipulations, the faithful performance of which was guaranteed by the bond, held, that the measure of damages for the nonperformance or abandonment of such contract was the actual outlay of cash consideration paid to the person bound under said contract to the obligee in said bond, and that such amount is properly recoverable from the surety on a bond guaranteeing the faithful performance of such contract.

(Syllabus by Lyons, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by J. Y. Covington (Central Saving Bank & Trust Co., of Monroe, La., executor. substituted plaintiff) against W. N. Hayes and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Herman S. Davis, for plaintiffs in error.

Wilson, Tomerlin & Threlkeld, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. Judgment was rendered in favor of the plaintiff in the sum of $2,258.60, against the defendants as sureties on a certain bond made, executed, and delivered to plaintiff by defendants. The bond sued on is as follows:

"Know all Men by these Presents, that we. N. B. Hall, a resident of Ft. Worth, Texas, as principal, and W. N. Hayes, Cam Galt. and J. L. Schreinder, residents of Oklahoma City, Oklahoma. as sureties, are held and firmly bound unto J. Y. Covington, a resident of Ouachita Parish. Louisiana, in the full sum of $2,500 current money of the United States of America, for which payment well and truly to be made, we and each of us, hereby bind ourselves, our executors, administrators and assigns, firmly by these presents.

"The condition of this bond is such that if the above N. B. Hall shall begin operations with relation to prospecting for oil or gas within four months from the date hereof, upon that certain tract of land belonging to R. W. Watson and others, but upon which J. Y. Covington now owns the oil, gas and other mineral rights, said tract of land containing 551 acres, and being situated in Ouachita Parish, Louisiana, near the Perksville switch or station, on the C. S & P. R. R., then and in such case, the obligation to be null and void; otherwise to remain in full force and effect."

It appears that the plaintiff was the owner of a tract of land containing 551 acres

in Ouachita Parish, La., which had a prospective value for oil and gas. N. B. Hall entered into an agreement with plaintiff for the leasing of said lands for oil and gas mining purposes by a lease upon the ordinary form, for a term of five years and as long thereafter as oil and gas is produced, containing the ordinary provisions as to the delaying of drilling operations by the payment of rentals, and agreeing to pay, as a bonus for such lease, the sum of $5 per acre, or a total sum of $2,758.60.

It will be observed that under the terms of such a lease the lessee was not bound to commence operations at any specified time under ordinary conditions, but could defer the beginning of operations and the expense incident upon such commencement and conduct of drilling operations by the payment of one dollar per acre annual rental. After this arrangement had been entered into the parties, by mutual agreement a new arrangement was made under the terms of which the lessor received a bonus In the sum of $500, returning a draft or check of the lessee in the amount of $2,258.60, and receiving in lieu thereof the positive agreement of the lessee to commence operations within four months, and further received the bond sued on in this case as security for the faithful performance of such agreement. The trial court held that the measure of damages by which the plaintiff was entitled to recover was the actual outlay or consideration from which the lessee parted by the acceptance of such bond for the change in his position.

Plaintiff in error complains of the admission of the testimony disclosing the transactions between the parties, and contends:

"(a) That the admission of such evidence violates the parol evidence rule relative to written contracts, and tends to vary and contradict the terms of a written instrument.

"(b) That the measure of damages is the amount of money which would be required to commence operations for prospecting for oil and gas."

It is our view that the applicable rule is stated by the Supreme Court of the United States in the case of U. S. v. U. S. Fidelity & Guaranty Co., 236 U. S. 512, 59 L. Ed. 696, as follows:

" * * * And when he wholly defaulted and in effect abandoned the contract, the most direct and immediate loss sustained by the government was the moneys it had paid him on account, and for which he had giv-

en nothing in return. Conceding that there was not, technically, a failure of consideration, because his promise and not its performance was in strictness the consideration (United & Globe Rubber Mfg. Co. v. Conard, 80 N. J. L. 286, 293, 78 Atl. 203, Ann. Cas. 1912A, 412), still the substance of the matter is the same, so far as concerns the measure of the detriment to the promisee."

The foregoing decision has been quoted by this court with approval in the case of Dickerson v. Incorporated Town of Eldorado, 64 Okla. 142, 166 Pac. 708. ·

In the instant case the evidence complained of was clearly admissible to disclose the relationship of the parties and the true consideration for the giving of the bond. Maryland Casualty Co. v. Town of Wellston, 47 Okla. 425, 148 Pac. 694. Therefore both of appellants' contentions fail.

The plaintiff in this action materially changed his position and gave up cash or its equivalent, in the sum of $2,258.60, as a consideration for the obligation of the lessee and his sureties to the effect that operations would be commenced within four months. No attempt was made to comply with this obligation, and the plaintiff is entitled to be compensated and made whole for the direct loss which he sustained. In other words, he has parted with $2,258.60 and received nothing therefor, and under the rule announced by the Supreme Court of the United States and followed by this court, the amount of his damages is the detriment caused to him thereby. It is plain that in this case the loss of the cash consideration was a proper measure of damages, and that the defendants cannot complain because the plaintiff did not choose to base his recovery upon some other measure of damages to which he might have been entitled.

When the lessee defaulted and in effect abandoned his contract to commence a well within four months, the lessor's most direct and immediate loss in this case (as in the case of U. S. v. U. S. Fidelity & Guaranty Co.) was the money received by lessee ($2,258.60) for which the lessee gave nothing in return. Defendants' claim as to the measure of damages is technical and is disposed of by the rule announced in the decision from the Supreme Court of the United States, supra.

The judgment of the lower court is correct and is affirmed.

By the Court: It is so ordered.