## 15949. WILLIAMS *v.* RILEY DRUG COMPANY.

1. It is not necessary, in order to bind a surety, that there should be a consideration to him individually for the suretyship. It is sufficient if there be a valid consideration out of which the suretyship grew. *Gay* v. *Mott*, 43 *Ga.* 252, 255. "An extension of time by a creditor to his principal debtor is a sufficient consideration to support the indorsement of a note renewing the original debt." *Hollingshead* v. *American Nat. Bank*, 104 *Ga.* 250 (2) (30 S. E. 728); *Haymans* v. *Bennett*, 29 *Ga. App.* 265, 267 (114 S. E. 923); *Broughton* v. *Lazarus Co.*, 13 *Ga. App.* 153 (78 S. E. 1024); *Jones* v. *Southern Mortgage Co.*, 23 *Ga. App.* 567 (99 S. E. 42).

2. The actual performance of a promise of forbearance by the creditor

or obligee is a sufficient consideration for the contract of a surety, although a definite time is not agreed upon; and if, in reliance upon the agreement of the surety, the creditor forbears to bring suit against the principal, and actually grants him an indulgence for a reasonable and appreciable time within which to pay the debt or note, the surety is bound. The charge of the court was in substantial accordance with this rule, and is not subject to the exception taken, which does not complain that the court failed to qualify its instruction with reference to the reasonableness of the period of indulgence, but insists only that the agreement to indulge must have been for a definite or particular time.

3. Since the jury were authorized to find that the seven months' indulgence given to the maker of the note in consideration of the defendant's indorsement was a reasonable indulgence, the verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED MAY 18, 1925.

Complaint; from city court of Americus—Judge Harper. September 26, 1924.

*T. O. Marshall, R. L. Maynard,* for plaintiff in error.

*Jones, Park & Johnston, W. T. Lane & Son,* contra.

JENKINS, P. J. The principle of law laid down in the second division of the syllabus does not appear to have been heretofore dealt with either by the Supreme Court of this State or by this court, but the rule adopted appears to be supported by the great weight of general authority. The rule is stated in 32 Cyc. 55, as follows: "Forbearance by the creditor or obligee is sufficient consideration for the contract of a surety, although a definite time is not agreed upon; and if, in reliance upon the agreement of the surety, the creditor forbears to bring suit against the principal, or grants him an extension of time within which to pay the debt, or note, the surety is bound." In 6 Ruling Case Law, 661, it is said: "While it seems to have been thought at one time that the promise to forbear which would serve as a consideration for a guaranty by a third person must be for a definite time, or for a reasonable time, the conclusion reached in the later decisions is that, where there is an agreement to forbear, it will be presumed to be for a reasonable time, in the absence of any stipulation as to a specified time. Such is the legal construction of such a promise. The debtor, therefore, by such a promise, does obtain a right, not only to some delay, but to a reasonable delay, such as, under all the circumstances he is reasonably entitled to. Therefore a promise to forbear, although for an indefinite time, if followed by actual

forbearance for a reasonable time, is a valid and sufficient consideration for a promise guaranteeing the payment of a debt." In discussing this question the New Jersey Court of Errors and Appeals, in United Globe & Rubber Mfg. Co. *v.* Conrad, 80 N. J. L. 286 (78 Atl. 203, Ann. Cas. 1912 A, 412), speaks as follows: "We entertain no doubt that an agreement to forbear action at law against the Standard Company for the existing account would furnish a sufficient and lawful consideration for the making of the bond. Such a promise where no period is fixed imports that the forbearance shall be for a reasonable time and (at least if followed by actual forbearance for a reasonable time) furnishes a sufficient consideration for the undertaking of a third party to pay the indebtedness." To the same effect is a decision of the Supreme Court of Minnesota: "Where the promise to extend for an indefinite time is followed by delay for a reasonable time to enforce payment, it is a good consideration." Security Nat. Bank *v.* Pulver, 131 Minn. 454 (155 N. W. 641).

The difficulty we have encountered in determining the proper rule arises out of certain holdings of our courts in dealing with the question of the discharge of a surety, where, without his consent, the payee of the note has granted indefinite indulgence. In these cases, both the Supreme Court and this court have held that the surety is not discharged, even though such an indefinite promise of indulgence be founded upon a consideration. In *Bunn* v. *Commercial Bank,* 98 *Ga.* 647 (1) (26 S. E. 63), the Supreme Court said: "An agreement by the holder and owner of a promissory note with the maker of the same to extend the time of its payment for an indefinite period, though based upon a valuable consideration, does not discharge a surety on such note from liability. As such an agreement would not prevent the immediate bringing of an action, the making of it really amounts to no more than 'a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies,' and it therefore stands upon an entirely different footing from an extension for a definite period." It was held by this court in *Ver Nooy* v. *Pitner,* 17 *Ga. App.* 229 (3) (86 S. E. 456), that, "in order to discharge a surety by an extension of time to the principal, not only must there be an agreement for the extension, but the proof must show that the indulgence was extended for a definite period fixed by the agree-

ment." The basis of these decisions is that such a promise of in-
definite indulgence does not "tie the hands" of the creditor, and
therefore affords no basis for the surety's discharge on account of
a change in the nature of the risk which he had assumed. If the
question we were called upon to determine was whether or not a
mere unexecuted and indefinite promise to forbear is sufficient to
support an indorsement, we are inclined to believe that the answer
would have to be in the negative, on the theory that nothing had
been done and nothing had been effectively promised by the payee.
But, as was said by this court in *Sylvania R. Co.* v. *Sylvania
Lumber Co.*, 8 *Ga. App.* 656 (70 S. E. 51), "an indefinite or
unilateral agreement is binding upon the parties as to its terms
so far as they have mutually acted upon them;" and, in accordance
with this principle, where indulgence is promised in consideration
of an indorsement, and on the faith of the indorsement indulgence
is actually extended for a reasonable time, the indorser should
not be allowed to obtain for his principal such definite benefits and
then absolve himself from liability, on the theory that the agree-
ment, though rendered certain by being acted on, was originally
too indefinite to be enforceable. Nor does it seem that the under-
lying principles here involved are the same as in those cases deal-
ing with the question of a surety's discharge. In a case of the
character now before us, there was, to begin with, a potential but
perhaps unenforceable benefit inuring to the indorser's principal,
which has subsequently ripened into an actual and definite bene-
fit by virtue of the execution of the promise. We might, for il-
lustration, suppose that the indefinite consideration promised by
the payee on the faith of the indorsement had consisted of some-
thing other than indulgence. In such a case, had the considera-
tion thus promised by the payee been actually bestowed, it could
not be recovered back or reclaimed, on the theory that the nature
of his promise prior to its execution was vague and indefinite.
Neither should the indorser be allowed to disclaim his contract of
indorsement after his principal has actually secured definite and
certain benefits in accordance with the payee's promise made to
him. A surety is not discharged on account of an unauthorized
but indefinite indulgence granted to his principal, for the reason
that his risk has never been increased. In such a case it is not a
question of whether a consideration has gone to the principal.

After the principal has actually received the indulgence, he has in fact received a contractual benefit, but the surety was not hurt. There was never a time when the principal could claim and demand *future* indulgence; and, as was said in the *Bunn* case (98 *Ga.* 647), the fact that it was actually granted could amount to nothing more than negligence on the part of the creditor to prosecute with vigor his legal remedies. This does not ordinarily work a discharge. Here, however, it is not a question of a discharge being worked on account of the risk being increased, but the contract of indorsement is good if supported by a consideration moving to the principal debtor; and since the principal, on the faith of the indorser's promise, has actually enjoyed the fruits and benefits made certain by such actual performance, the contract of indorsement can not be said to be a mere nudum pactum and consequently unenforceable.

*Judgment affirmed. Stephens and Bell, JJ., concur.*