## 40632.  FAGELSON v. PFISTER ALUMINUM
## CORPORATION.

Decided April 28, 1964—Rehearing denied May 5, 1964.

*Sidney Haskins*, for plaintiff in error.

*Rose & Lappas, Paul K. Silverman, Hugh A. Wells,* contra.

FELTON, Chief Judge. █ The contract executed by the defendants was one of suretyship, rather than of guaranty, notwithstanding the references therein to such terms as "contract of guaranty," "guarantors," and "guarantee." It is the real intent of the parties and the substance of such an agreement which determine its character rather than its form or nomenclature. *Fields v. Willis*, 123 Ga. 272, 275-6 (51 SE 280); *Moate v. H. L. Green Co.*, 95 Ga. App. 493, 504 (98 SE2d 185) and cit. The distinction between these two types of contracts is made in *Code* § 103-101, as follows: "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other bene-

fit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." The stated consideration of the present contract is "the extending of credit to General Seat and Back Corporation" by the plaintiff. Another fundamental difference is that a contract of guaranty is conditioned upon the promisee's inability to recover of or enforce performance by the principal, and is not an absolute agreement to answer for the default of the principal. *Moate v. H. L. Green Co.*, p. 504, supra. The present contract contains no provisions requiring the plaintiff promisee to proceed first against the principal, the General Corp. To the contrary, the defendant promisors agreed therein *unconditionally* to pay *upon demand* to the plaintiff *any sums due and unpaid* thereafter. Further evidence of its nature as a suretyship is the waiver of presentment, protest and notice of non-payment of any note or other evidence of indebtedness accepted by the promisee from the principal. This waiver is an indication of the assumption of the primary, rather than mere secondary, obligation to pay the debt. The makers of the instrument being sureties and not guarantors, it was unnecessary that the plaintiff should allege that the principal debtor, the General Corp., was unable to perform. *McKibben v. Fourth Nat. Bank of Macon,* 32 Ga. App. 222, 223 (3, a) (122 SE 891).

■ The right of action upon an unsealed contract of surety is barred by the statute of limitation upon the expiration of six years after the date of the maturity of the obligation, not six years after the date of the execution of the agreement, since no right of action accrues until the maturity date of the obligation. The petition with its attached exhibits shows on its face that six years had not elapsed between the dates on which the alleged debts were incurred and the date of filing suit therefor, so it must be assumed that the plaintiff's alleged demand on the defendants was made within six years prior to the filing of the action.

■ The special demurrers, not having been argued in plaintiff in error's brief, are deemed to have been abandoned.

It follows from the above that the petition as amended stated

a cause of action against the defendants for some amount, and therefore the general demurrers were properly overruled.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*