## 56577. BUILDING MATERIAL SUPPLY COMPANY, INC. v. KREISMANIS.

BANKE, Judge.

The appellant, Building Material Supply Co., sued Bonanza Builders, Inc., and its president, Ugis Kreismanis, to recover for materials sold to Bonanza on account. Following a non-jury trial, the trial court entered judgment against Bonanza but found that Kreismanis was not personally liable. The appellant appeals the latter ruling.

The appellant sought to hold Kreismanis liable on the basis of a surety agreement which the latter had signed. From the testimony at trial, it appears that Kreismanis signed the surety agreement in response to threats by the appellant to "file suits and liens" against Bonanza if he did not sign it. The surety agreement itself recites that it was signed in consideration of appellant "extending credit" to Bonanza. The trial judge found as a matter of fact that credit had already been extended before the agreement was signed and thus ruled that there was no consideration to support the agreement. *Held:*

"The actual performance of a promise of forbearance by the creditor or obligee is a sufficient consideration for the contract of a surety, although a definite time is not agreed upon; and if, in reliance upon the agreement of the surety, the creditor forbears to bring suit against the principal, and actually grants him an indulgence for a reasonable and appreciable time within which to pay the debt or note, the surety is bound." *Williams v. Riley Drug Co.,* 34 Ga. App. 68 (2) (128 SE 215) (1925). See *Hollingshead v. American Nat. Bank,* 104 Ga. 250 (2) (30 SE 728) (1898). From the transcript it appears that Kreismanis bargained for and received an extension of time for Bonanza in return for his executing the surety agreement. The trial court thus erred in finding that there was no consideration for the agreement, and the judgment in favor of Kreismanis must be reversed.

*Judgment reversed with direction. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED JANUARY 9, 1979.

*Zachary & Segraves, J. Ed. Segraves, Finn Duerr,* for appellant.

*Baker, Kemper & Baker, Joseph R. Baker,* for appellee.