57830. OLIVER v. CITIZENS DEKALB BANK.

BANKE, Judge.

This action was filed by the appellee, Citizens DeKalb Bank, to collect the balance due on a promissory note. The maker of the note was Snappy Photo, Inc., which has since been declared bankrupt. Appellant Oliver was sued under a "guaranty of payment" agreement which he signed on the back of the note. In this appeal from the grant of summary judgment to the bank, the appellant alleges that this agreement obligated him as a guarantor rather than as a surety and that, since he received no independent consideration for his signature, he can have no obligation as a guarantor. The appellant also alleges that the notice of intent to collect attorney fees which the bank sent to him was deficient because it failed adequately to identify the note in question.

The "guaranty of payment" agreement reads, in pertinent part, as follows: "For value received, the undersigned . . . hereby unconditionally guarantee(s) the payment of the note on the reverse side hereof and all expenses (including attorney's fees) incurred in the collection thereof . . . and waive(s) presentment, demand, notice of dishonor, protest and all other notices what-ever . . ." *Held:*

1. "A contract of guaranty is conditioned upon the promisee's inability to recover of or enforce performance by the principal [cits.] and is not an absolute agreement to answer for the default of the principal.

"That the parties denominated the promise a guarantee did not effect [sic.] its real nature. It is the substance and not the nomenclature of the agreement that determines its character. [Cits.]" *Moate v. H. L. Green Co.,* 95 Ga. App. 493, 504 (98 SE2d 185) (1957). The agreement signed by the appellant in this case was an unconditional promise to insure payment of the note. Thus, it was a suretyship agreement rather than a strict

guaranty agreement, making the appellant liable upon default by the maker, regardless of the maker's solvency or ability to pay. See Code § 103-101; *Fagelson v. Pfister Alum. Corp.,* 109 Ga. App. 663 (1) (137 SE2d 313) (1964); *Austin v. Citizens DeKalb Bank,* 143 Ga. App. 680 (239 SE2d 557) (1977); *Jackson v. First Bank of Clayton County,* 150 Ga. App. 182 (1979). See also 13 EGL 571, Guaranty and Suretyship, § 16.

Since the appellant obligated himself as a surety rather than as a guarantor, it was not necessary that he receive a separate consideration from the transaction in order for his promise to be binding on him. It is enough that the maker received a consideration, even though that consideration may have amounted to nothing more than an extension of time resulting from the refinancing of pre-existing indebtedness. See *Hollingshead v. Amer. Nat. Bank of Macon,* 104 Ga. 250 (3) (30 SE 728) (1898); *Williams v. Riley Drug. Co.,* 34 Ga. App. 68 (1) (128 SE 215) (1925); *Jackson v. First Bank of Clayton County,* supra. Thus, the trial court did not err in granting summary judgment to the bank for the balance due on the note.

2. The notice of intention to collect attorney fees which was sent to the appellant complied with Code Ann. § 20-506. See generally *Farnan v. Nat. Bank of Ga.,* 142 Ga. App. 777 (2) (236 SE2d 923) (1977). The contention that the notice did not adequately identify the note is without merit. The note was identified by date, and it does not appear that the appellant had any other obligations to the bank with which his obligation on this note could have been confused. For this reason, appellant's reliance upon *Parnell v. Etowah Bank,* 144 Ga. App. 794 (2) (242 SE2d 487) (1978), is misplaced.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

Argued May 3, 1979 — Decided June 22, 1979.

*Shoob, McLain & Merritt, Robert P. Wilson,* for appellant.

*Stephen M. Pavuk,* for appellee.