## 60178. GRISWOLD et al. v. WELLS ALUMINUM, MOULTRIE, INC.

SHULMAN, Judge.

On this appeal from the judgment of the trial court holding appellants liable on a contract of surety we are again faced with the rather nebulous and confusing distinction between suretyship and guaranty in Georgia. We affirm the judgment.

The pertinent facts are as follows: On April 13, 1977, defendants-appellants signed identical but separate agreements in which they guaranteed to Wells Aluminum Moultrie, Inc. (hereinafter "Wells") payment of the obligations of Insul-Lite Industries, Inc. (hereinafter "Insul-Lite") incurred for or in connection with goods or merchandise sold before, on, or after the date of such agreements, including all expenses incurred by Wells for the collection of such indebtedness. Pursuant to those agreements, Wells brought suit against defendants for money due and owing on Insul-Lite's account.

Appellants contend that the agreements upon which plaintiff premises its suit against defendants constitute unenforceable guaranties rather than contracts of suretyship and that, therefore, appellants cannot be held liable as sureties for the debts of Insul-Lite. We disagree with appellants' contentions and hold the contracts executed by defendants to constitute suretyship.

1. "The distinction between [a contract of suretyship and a guaranty] is made in *Code* § 103-101, as follows: 'The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." *Fagelson v. Pfister Aluminum Corp.,* 109 Ga. App. 663, 665 (137 SE2d 313).

The agreements at issue recite that they were made "in consideration of the premises and the extension or continuance of credit by [Wells] . . . to [Insul-Lite]." It is undisputed that no new consideration of any kind flowed to appellants upon their undertaking. It has been held that "where . . . there is undisputed evidence that no new, separate and independent consideration of any kind flowed to the party who signed a contract agreeing to be liable for the debt of another, the contract is one of suretyship and not guaranty . . ." *Wolkin v. Nat. Acceptance Co.,* 222 Ga. 487, 489 (150 SE2d 831).

Moreover, a contract of guaranty is conditioned upon the promisee's inability to recover of or enforce performance by the

principal, and is not an absolute agreement to answer for the default of the principal. *Wolkin,* supra. The agreements at issue in the case at bar contain no provisions requiring the plaintiff (creditor) promisee to proceed first against the principal, Insul-Lite. To the contrary, appellants waived "any right to require that any action or proceeding be brought against the customer [Insul-Lite] or any other persons to require that resort be had to any security."

"Further evidence of [their] nature as a suretyship is the waiver of presentment, protest and notice of non-payment of any note or other evidence of indebtedness accepted by the promisee from the principal. This waiver is an indication of the assumption of the primary, rather than secondary, obligation to pay the debt." *Fagelson,* supra, p. 666.

In view of the foregoing we find no error in the trial court's denial of appellants' motion for summary judgment against plaintiff's claim on the grounds that such agreements constituted guaranties as a matter of law.

2. Appellants argue that, even assuming the agreements are contracts of surety and not guaranties, the suretyships cannot be enforced because the agreements were not premised on an enforceable written contract between Insul-Lite and Wells (principal and creditor). Appellants insist that, in order to be enforceable, the obligation of a surety must be identical with that of the principal.

Contrary to appellants' contentions, the fact that a written instrument may not have been executed between Insul-Lite and Wells does not preclude the existence of a suretyship. "[I]dentity of obligation does not necessarily mean identity of instrument; and while a surety is usually bound with his principal by the same instrument [cit.], this is not always true. *The form of the contract is immaterial* provided the fact of suretyship exists [cit.], and one may assume that relation even by an instrument separate and distinct from that of his principal and also subsequent in time." (Emphasis supplied.) *McKibben v. Fourth Nat. Bank of Macon,* 32 Ga. App. 222 (2) (122 SE 891).

Appellants do not assert that an enforceable oral contract did not exist between Wells and Insul-Lite but only that such contract, not being in written form, cannot form the basis of a suretyship. *McKibben* belies appellants' contention in holding the form of a contract (be it oral or written) immaterial. Indeed, this court held in *McKibben* that the fact that the contract between the principal-debtor and plaintiff-creditor may not have been validly executed was immaterial, "it thus affirmatively appearing from the plea that [the principal] was in fact indebted to the plaintiff in a sum equal to that for which the sureties were sued." Id., pp. 224-225. See

also *Fagelson,* supra, where apparently there was no writing setting forth the principal's obligation; rather, it appears that such obligation was established by invoices showing the shipment to and receipt of goods by the principal.

3. Nor can we agree that the suretyship was unenforceable for the reason that there was no consideration for its execution, in that the named consideration (extension of credit to Insul-Lite) was illusory.

" 'The actual performance of a promise of forbearance by the creditor or obligee is a sufficient consideration for the contract of a surety, although a definite time is not agreed upon; and if, in reliance upon the agreement of the surety, the creditor forbears to bring suit against the principal, and actually grants him an indulgence for a reasonable and appreciable time within which to pay the debt or note, the surety is bound.' [Cit.]" *Bldg. Material Supply Co. v. Kreismanis,* 148 Ga. App. 630 (252 SE2d 59). It appearing from the record that there was actual forbearance to collect from April, 1977 (the date the agreement was entered into) until August of 1978, we do not find the stated consideration illusory. See also *Williams v. Riley Drug Co.,* 34 Ga. App. 68 (2) (128 SE 215).

4. Appellants assert error on the trial court's refusal to charge their request to charge number 5, which reads as follows: "Ladies and Gentlemen I charge you that if you find that the parties intended a contract of surety, if you find that Insul-Lite Industries, Inc. was not bound by a contract identical to that of [defendants], they are not liable as sureties."

Insofar as such request to charge inferred that the contracts, that is, the form of the contracts between Insul-Lite and Wells and appellants and Wells (and not just the substance or obligations of such contracts), must have been identical in order to hold appellants as sureties, the charge stated an incorrect principle of law, and the court did not err in refusing to charge as requested. See, e.g., *McKibben,* supra, Division 2.

5. Nor can we agree that it was error for the court to refuse to charge defendants' request to charge number 8, since such request concerned a counterclaim abandoned by appellants prior to trial.

6. Finally, appellants assert that because evidence regarding the amount owed on Insul-Lite's account was in dispute or confusing, a monetary verdict could not properly have been reached as to the amount of Insul-Lite's debt. We disagree.

In spite of the fact that Wells' bookkeeping may have been less than exemplary, and, indeed, in spite of the fact that the testimony regarding the amount owing on Insul-Lite's account may have been somewhat confusing, we nevertheless find that the jury's monetary

award was authorized by the evidence presented at trial. We find this to be true, especially in light of the fact that appellants produced no accounts at trial to contradict the statement presented by plaintiff.

Since appellants have failed to set forth any grounds mandating the reversal of the judgment of the trial court, that judgment is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 9, 1980 —
REHEARING DENIED OCTOBER 7, 1980.

*G. Gerald Kunes,* for appellants.
*Timothy J. Warfel,* for appellee.