### 61742. SCALES v. ALTERMAN FOODS, INC.

Sognier, Judge.

Alterman Foods, Inc. sold goods to Family Restaurant, Inc. pursuant to a credit agreement. T. Carlyle Scales signed the credit application and agreed to "unconditionally guarantee any and all debts" owed Alterman Foods by Family Restaurant. Family Restaurant defaulted on its obligations to Alterman Foods and subsequently went into bankruptcy. Alterman Foods sued Scales on the guaranty and the trial court granted summary judgment in favor

of Alterman. We affirm.

Appellant contends that the trial court erred in granting summary judgment in favor of Alterman Foods because Scales was a guarantor rather than a surety, and appellee failed to show that an attempt was made to collect the debt from Family Restaurant prior to the suit against Scales.

Former Code Ann. § 103-101 provided: "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." There is nothing in the record to indicate that any new consideration flowed to appellant upon his agreement. " '[W]here . . . there is undisputed evidence that no new, separate and independent consideration of any kind flowed to the party who signed a contract agreeing to be liable for the debt of another, the contract is one of suretyship and not guaranty . . . ' *Wolkin v. Nat. Acceptance Co.,* 222 Ga. 487, 489 (150 SE2d 831)." *Griswold v. Wells Aluminum, Moultrie, Inc.,* 156 Ga. App. 19 (274 SE2d 7) (1980); *Kennedy v. Thruway Service City,* 133 Ga. App. 858, 862 (212 SE2d 492) (1975).

Appellant argues that the contract is ambiguous and, therefore, a jury question is presented as to whether the parties intended a guaranty or a suretyship. We do not agree. The agreement clearly provides that Scales "unconditionally" guaranteed the debts of the principal. A contract of guaranty is conditioned on the creditor's inability to recover from, or enforce performance by, the principal debtor, and is not an absolute agreement to answer for the default of the principal. *Griswold,* supra. The agreement executed by Scales was one of suretyship rather than a guaranty and the trial court properly granted summary judgment.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED SEPTEMBER 25, 1981

*Alan L. Dye, William G. McDaniel,* for appellant.
*James A. Gober,* for appellee.