

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00476-CV

Christopher J. **MCLUCAS**,
Appellant

v.

**G.E. CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC.**,
Appellee

From the County Court at Law No. 2, Tarrant County, Texas
Trial Court No. 10-082998-2
Honorable Jennifer Setser Rymell, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 17, 2013

AFFIRMED

This is an appeal from a judgment in favor of appellee G.E. Capital Information Technology Solutions, Inc.  On appeal, appellant Christopher McLucas contends the trial court erred in rejecting his mitigation defense and denying his motion for continuance.  We affirm the trial court's judgment.

### BACKGROUND

In 2005, McLucas worked for TS Connections, LLC d/b/a Title Stream ("Title Stream").  While McLucas was with Title Stream, Title Stream entered into two rental agreements for office

equipment. However, the rental company refused to lease the equipment to Title Stream without a personal guaranty. McLucas, who was president of Title Stream, personally signed a guaranty agreement to secure the rental.

In January 2008, the rental account became delinquent because Title Stream failed to make the required rental payments. Soon thereafter, G.E. Capital notified McLucas that Title Stream was behind on the rental payments. McLucas advised G.E. Capital that he would continue to make payments. However, he requested possession of the equipment. McLucas was unable to obtain possession of the equipment and failed to make the rental payments. Accordingly, G.E. Capital wrote off the rental agreement on June 10, 2008.

Thereafter, G.E. Capital brought a breach of contract suit against McLucas as guarantor, seeking to recover the six payments due from January 10, 2008, until the write-off date of June 10, 2008. G.E. Capital also sought late fees, taxes, and accelerated rent.

Before trial, G.E. Capital filed a motion for summary judgment, which was granted in part. The trial court granted summary judgment in favor of G.E. Capital on the breach of contract claim, but left attorney's fees and McLucas's defense of mitigation of damages for the bench trial. The day before trial, McLucas filed a motion for continuance, asking the court to reset the trial due to a calendaring error by his attorney. McLucas's attorney claimed he mistakenly calendared the trial for March 29th instead of March 9th. McLucas claimed he would be out of town on March 9th and unable to testify. The trial court denied the motion for continuance and, after hearing arguments on the issue of whether G.E. Capital had a duty to mitigate its damages, rendered judgment in favor of G.E. Capital for $42,469.80 plus attorney's fees. Thereafter, McLucas perfected this appeal.

**ANALYSIS**

On appeal, McLucas raises two issues. First, he contends the trial court erred in rejecting his duty to mitigate defense. Second, he claims the trial court erred in denying his motion for continuance.

### *Duty to Mitigate*

We begin our analysis by noting that with regard to the duty to mitigate, the parties agree Georgia law controls. Accordingly, we will review this issue based on Georgia law. Determining whether a duty to mitigate exists under section 13-6-5 of the Georgia Code is a question of law we review de novo. *City of Atlanta v. Hotels.com*, 710 S.E.2d 766, 769 (Ga. 2011).

McLucas first complains the trial court erred in refusing to accept his defense of duty to mitigate. In Georgia, with regard to mitigation of damages, the law states: "Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." GA. CODE ANN. § 13-6-5 (West 2012). However, Georgia courts have held the statutory duty to mitigate "is not applicable when there is an absolute promise to pay." *Ameris Bank v. Alliance Inv. & Mgmt. Co., LLC*, 739 S.E.2d 481, 486 (Ga. Ct. App. 2013); *Am. Express Travel Related Servs. Co. v. Web, Inc.*, 405 S.E.2d 480, 483 (Ga. 1991); *Reid v. Whisenant*, 131 S.E. 904, 907 (Ga. 1926).

McLucas recognizes that an absolute promise to pay is an exception to the duty to mitigate. However, he contends the agreement at issue in this case is a guarantor contract, which, as opposed to a surety contract, is not an absolute promise to pay. *See Griswold v. Wells Aluminum, Moultrie, Inc.*, 274 S.E.2d 7, 9 (Ga. Ct. App. 1980) (holding that guaranty contract is conditioned upon grantor's inability to recover or enforce payment by principal and is not absolute agreement to answer for default of principal). The distinction between a guaranty agreement and a surety agreement "is whether the person signing as 'sureties' or as 'guarantors' are, under the terms of

the contract, primarily liable for the promises of the principal, or only secondarily liable therefor. If they are primarily liable, they are sureties, and not guarantors." *J.R. Watkins Med. Co. v. Marbach*, 93 S.E. 270, 271 (Ga. Ct. App. 1917). McLucas argues the agreement in this case is a guarantor contract because it is conditioned upon G.E. Capital's inability to recover payment from the principal. *See id.*; *Griswold v. Wells Aluminum, Moultrie, Inc.*, 274 S.E.2d 7, 9 (Ga. Ct. App. 1980). Thus, according to McLucas, G.E. Capital had a duty to mitigate its damages. We disagree.

Georgia law no longer concerns itself with whether an agreement is classified as a surety agreement or guaranty agreement. *See Delta Diversified, Inc. v. Citizens & S. Nat. Bank*, 320 S.E.2d 767, 771 (Ga. Ct. App. 1984) (recognizing that Georgia law no longer recognizes distinction between contracts of guaranty and contracts of suretyship). In 1981, the Georgia General Assembly removed any distinction between guaranty contracts and surety contracts by statute: "There shall be no distinction between contracts of suretyship and guaranty." GA. CODE ANN. § 10-7-1 (West 2012).

Georgia clearly no longer recognizes any difference between a contract of surety or guaranty. Accordingly, given the absence of any difference between the two types of contracts, we hold McLucas's argument regarding the distinction between guaranty and surety contracts is immaterial. Rather, the only issue is whether the agreement in this case constitutes an absolute promise to pay.

The agreement at issue in this case states: "the undersigned [McLucas] does hereby unconditionally guarantee to you [G.E. Capital] the prompt payment of any and all indebtedness." It also states: "For all of Customer's obligations to you [G.E. Capital], the undersigned [McLucas] agrees to be directly, *unconditionally and primarily liable*, jointly and severally with Customer, with interest at the highest lawful contract rate, after due until paid." (emphasis added). We hold this language creates an absolute, unconditional promise by McLucas to pay according to the terms

of the lease. *See Big Sandy P'ship, LLC v. Branch Banking & Trust Co.*, 723 S.E.2d 82, 84 (Ga. Ct. App. 2012) (holding lender did not have statutory duty to mitigate because guaranty contained absolute promise to pay debt). Accordingly, because there is no duty to mitigate in the face of an absolute promise to pay, G.E. Capital was "not required to mitigate damages to which they are contractually entitled as a matter of agreement." *J.C. Penney Cas. Ins. Co. v. Woodard*, 380 S.E.2d 282, 284 (Ga. Ct. App. 1989). Accordingly, we hold the trial court did not err in rejecting McLucas's duty to mitigate defense.

### *Motion for Continuance*

Next, McLucas contends the trial court erred in denying his motion for continuance. We review a trial court's decision to deny a motion for continuance on a case–by–case basis under an abuse of discretion standard. *Joe v. Two Thirty Nine Jt. Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Joe*, 145 S.W.3d at 161; *Moreno*, 316 S.W.3d at 818. Under the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

McLucas filed a motion for continuance the day before trial. The motion for continuance states McLucas's attorney incorrectly calendared the trial date. The attorney believed the trial was set for March 29th, rather than the correct trial date of March 9th. Due to the mistake, McLucas claimed a previously scheduled trip prevented his appearance and would deny him the opportunity to testify. The trial court denied the motion for continuance and trial commenced.

A motion for continuance for want of testimony requires an attached affidavit explaining how the testimony is material. TEX. R. CIV. P. 252. McLucas failed to comply with Rule 252 because he did not attach an affidavit to the motion. A trial court does not abuse its discretion

when it denies a motion for continuance that does not comply with Rule 252. *Wal-Mart Stores Tex., LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied) (citing *Pape v. Guadalupe-Blanco River Auth.*, 48 S.W.3d 908, 914 (Tex. App.—Austin 2001, pet. denied)). Accordingly, we hold the trial court did not abuse its discretion in denying the motion for continuance.

We recognize that at the conclusion of the hearing on the motion for continuance, McLucas's attorney asked to have his client's affidavit admitted into evidence and it was admitted. However, this affidavit was not a Rule 252 affidavit. The affidavit does not concern the relevance of McLucas's testimony or how it was material. Rather, the affidavit concerned the substance of the lawsuit, i.e., specifically whether G.E. Capital could have mitigated its damages. Thus, this affidavit will not support the motion for continuance pursuant to Rule 252.

Assuming *arguendo* McLucas complied with Rule 252, we hold he is not entitled to a reversal. *See* TEX. R. APP. P. 44.1(a). On appeal, the appellate court must find a complaining party suffered harm from the trial court's alleged error before a reversal is mandated. *See Hong v. Bennett*, 209 S.W.3d 795, 804 (Tex. App.—Fort Worth 2006, no pet.); *Beutel v. Dallas County Flood Control District, No. 1*, 916 S.W.2d 685, 693 (Tex. App.—Waco 1996, writ denied); TEX. R. APP. P. 44.1(a). Specifically, to be entitled to reversal, an appellate court must conclude the complained of error probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the appellate court. *See Hong*, 209 S.W.3d at 804. The trial court permitted McLucas to admit an affidavit into evidence that included the testimony relevant to the substance of the suit and his mitigation defense. His rendition of the relevant events was considered by the trial court through the affidavit, and there is nothing in the record or McLucas's brief to suggest his live testimony would have been different or that he would have provided additional information. Accordingly, we cannot conclude the denial of the motion for

continuance probably caused the rendition of an improper judgment, nor did it preclude McLucas from properly presenting the matter to this court. We therefore hold that even if the trial court erred in denying the motion for continuance, McLucas suffered no harm.

## CONCLUSION

Based on the foregoing, we overrule McLucas's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice