# Wytheville.

## W. D. Duke and Others v. George Luck.

### June 14, 1928.

Argued and submitted before Judge Holt took his seat.

1. Negligence—*Falling Objects—Evidence—Statement of Foreman of Defendant that he had Discharged Employee who he Thought was Responsible for Accident—Case at Bar.*—The instant case was an action by plaintiff for personal injuries received when he was struck by a piece of tiling which fell down an elevator shaft where he was working. Defendants were subcontractors for all the brick, tile and cement work on the building. An employers' liability insurance investigator testified that he had a talk with the foreman of the bricklayers employed by defendants after the accident and the foreman informed him that he discharged three men after the accident, and he thought one of them was responsible for the falling of the tile, although he did not discharge him for that reason. This the foreman denied. The foreman had entire charge of the work of his employers, his authority being that of a general and not a special agent.

   *Held:* That the foreman's statement was in the nature of a confession, about a matter vitally material to the issue, made by him in the scope of and during the course of his employment, and was admissible as evidence against the defendants.

2. Negligence—*Falling Objects—Evidence Sufficient to Support a Verdict.*—The instant case was an action by plaintiff for personal injuries received when he was struck by a piece of tiling which fell down an elevator shaft where he was working. From the evidence and presumptions to be drawn therefrom, it appeared that plaintiff was injured in the course of his employment; that defendants had exclusive control of the brick, tile, etc., work on the building; that they had piled tiling on the seventh floor near the elevator shaft and next to the stairway; that they had several men working on the seventh and eighth floors on the day of the accident, two of them carrying boards up the stairway; that the employees of other subcontractors had no occasion to remove the tiling; and that one of the employees of defendants caused the tiling to fall.

   *Held:* That the evidence was sufficient to support the verdict for plaintiff.

3. NEGLIGENCE—*Falling Objects—Failure to Produce Evidence—Presumption of Negligence—Case at Bar.*—The instant case was an action by plaintiff for personal injuries received when he was struck by a piece of tiling which fell down an elevator shaft where he was working. Defendants were subcontractors for all the brick, tile and cement work on the building. There was evidence tending to show that one of the employees of defendants was responsible for the tiling falling down the elevator shaft, and there should be evidence in their possession touching that fact.

   *Held:* That their failure to produce such evidence creates a presumption that such evidence, if produced, would have tended to show that they were responsible for the injury done the plaintiff.

4. NEGLIGENCE—*Falling Objects—Presumption of Negligence—Case at Bar*—The instant case was an action by an employee of a subcontractor against another subcontractor for injuries sustained when he was struck by a piece of tiling which fell down an elevator shaft where he was working. The tiling was in the custody of defendants and it was their duty to see that their servants so handled it as not to injure other people at work on the building. The fact that the tiling was in their custody and control and fell, without explanation on the part of the defendants, raises a presumption of negligence which they failed to rebut.

5. NEGLIGENCE—*Res Ipsa Loquitur—Presumption of Negligence.*—The doctrine *res ipsa loquitur* asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant, tending to show that the injury was not due to his want of care.

6. NEGLIGENCE—*Res Ipsa Loquitur—Falling Objects as Authorizing Presumption of Negligence.*—The doctrine of *res ipsa loquitur* has found frequent application in cases of injuries from falling objects and substances. Evidence that an object whose fall has caused an injury to a traveler upon a public thoroughfare was under the management of the defendant, or his servants, has frequently been held to be sufficient to establish a want of due care on the part of such defendant, if the accident is such as in the ordinary course of things does not happen, and no adequate explanation of its occurrence is offered. The rule has been applied in many instances to injuries produced by the fall of awnings, signs, walls, buildings, parts of buildings, building materials, tools, electric wires and many other objects.

Error to a judgment of the Law and Equity Court of the city of Richmond, in an action of trespass on the case. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Wendenburg & Haddon* and *J. R. Lenahan*, for the plaintiffs in error.

*S. S. P. Patteson* and *O. R. Cunningham*, for the defendant in error.

WEST, J., delivered the opinion of the court.

The State office building was erected in the Capitol Square at Richmond, Virginia, in 1923. John T. Wilson Company, Incorporated, was the general contractor. Duke, Carter & Page, as subcontractors, did all the brick, title and cement work on the building, and the Otis Elevator Company, subcontractor, installed the elevators. The building is twelve stories high.

On October 3, 1923, George Luck, an employee of the Otis Elevator Company, while engaged in assembling an elevator at the bottom of one of the elevator shafts, was struck by a piece of tiling which fell down the elevator shaft and fractured his right thigh. He brought suit for damages against the John T. Wilson Company and Duke, Carter & Page, and recovered a verdict and judgment against Duke, Carter & Page for $1,900, with interest and costs. To that judgment they were allowed this writ of error.

The plaintiffs in error assign as error the action of

the court (1) in refusing to strike out all the evidence for the plaintiff, when he had rested his case; and (2) in refusing to set aside the verdict of the jury on the ground that there was not sufficient evidence to support it.

If there is no merit in the second, there is no reversible error in the first assignment of error. In our view, it is only necessary, therefore, to consider the second assignment of error.

Plaintiffs in error contend that the verdict should have been set aside, first, because certain evidence given by witnesses Anderson and Mitchell is inadmissible, and, second, because the evidence as a whole is insufficient to support the verdict.

[1] W. C. Anderson, employers' liability insurance investigator, introduced in rebuttal by the plaintiff, testified that he had a talk with C. G. Mitchell, foreman of the bricklayers employed by Duke, Carter & Page, after the accident, about the witnesses, and he informed him that he discharged three men after the accident, and he thought one of them was responsible for the falling of the tile, although he did not discharge him for that reason. Mitchell denied that he made these statements to Anderson, and testified that he had the power to "hire and fire" the men who worked for Duke, Carter & Page. He had entire charge of the work of his employers, his authority being that of a general and not a special agent. His statement was in the nature of a confession, about a matter vitally material to the issue, made by him in the scope of and during the course of his employment, and was admissible as evidence against the defendants.

In *Washington-Virginia Ry. Co.* v. *Deahl*, 126 Va. 144, 100 S. E. 840, the court held that the statement of the claim agent to the plaintiff that "the controller

broke on the car and that was why the motorman could not stop the car," was admissible in evidence against the defendant. In the course of the opinion by Kelly, J., the court, at page 145 (100 S. E. 841), said: "If, however, the statement related to a matter within the sphere of his authority, and was made in the course of an investigation or negotiation concerning that matter, then regardless of how he derived his knowledge, he spoke as and for the principal, and his statement was admissible."

In *Lynchburg Teleph. Co.* v. *Booker*, 103 Va. 594, 50 S. E. 148, it was held that the admission of the manager of the telephone company that a wire which caused a personal injury was the wire of his company, made while in the discharge of his duties, was admissible, "because made by an officer in the performance of his duty."

[2] On the question of the sufficiency of the evidence to support the verdict, the case is close. From the evidence and the proper inferences and presumptions to be drawn therefrom, the jury were warranted, however, in finding the following facts: That Luck was injured in the course of his employment by a piece of tiling used in building the inside walls of the building, which fell down the elevator shaft; that defendants (plaintiffs in error) had exclusive control of the brick, tile and cement work in the building; that they had piled tiling on the seventh floor within six or seven feet of the elevator shaft and next to the stairway; that they had several men working on the seventh and eighth floors on the day of the accident, two of them carrying boards up the stairway; that the employees of other subcontractors had no occasion to remove the tiling; that one of the employees of Duke, Carter &

Page caused the tiling to fall down the elevator shaft and strike the plaintiff.

[3] There was certainly evidence tending to show that one of the employees of Duke, Carter & Page was responsible for the tiling falling down the elevator shaft, and there should be evidence in their possession touching that fact. Their failure to produce such evidence creates a presumption that such evidence, if produced, would have tended to show that they were responsible for the injury done the plaintiff.

[4] The tiling was in the custody of Duke, Carter & Page, and it was their duty to see that their servants so handled it as not to injure other people at work on the building. The fact that the tiling was in their custody and control and fell, without explanation on the part of the defendants, raises a presumption of negligence which they have failed to rebut. *John Sheridan* v. *Michael Foley*, 58 N. J. L. 230, 33 Atl. 484; *Bahr* v. *Lombard, Ayers & Co.*, 53 N. J. Law (24 Vroom) 233, 21 Atl. 190, 23 Atl. 167.

Gummere, J., delivering the opinion of the court in the *John Sheridan Case, supra,* said:

"Another case, quite similar in its facts to the one now before us, where this principle was applied, is that of *Byrne* v. *Boadle*, 2 H. & C. 722. In that case the plaintiff was injured by the falling of a barrel from the window of the defendant's shop; there was no evidence to show what caused the barrel to fall, nor was there any direct evidence to connect the defendant or his servants with the occurrence. Pollock, C. B., in discussing the question of the defendant's liability, said: 'There are certain cases which it may be said are *res ipsa loquitur*, and this seems to be one of them. * * * It is true that there are many accidents from which no presumption of negligence can arise, but this

s not so in all cases, Suppose, in this case, the barrel had rolled out of the warehouse and fallen on the plaintiff, how could he possibly ascertain from what cause it occurred? It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out; and I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence. A barrel could not roll out of a warehouse without some negligence, and to say that a plaintiff who is injured by it must call witnesses from the warehouse to prove negligences, seems to me preposterous. So, in building or repairing a house, if a person passing along the road is injured by something falling upon him, I think the accident alone would be *prima facie* evidence of negligence.

"In our own State, in the case of *Bahr* v. *Lombard, Ayers & Co.*, 53 N. J. Law (24 Vroom) 233, 21 Atl. 190, 23 Atl. 167, this maxim was fully commented upon and applied.

"The facts in the present case bring it within the application of this principle. The bricks were in the custody of the defendant's servants at the time when this one fell, and it was their duty to so handle them as not to endanger others who were engaged in other work upon the same premises. This brick could not have fallen of itself, and the fact that it fell, in the absence of explanation by the defendant, raises a presumption of negligence. If there are any facts inconsistent with negligence, it is for the defendant to prove them."

[5] "More precisely, the doctrine *res ipsa loquitur* asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant and the occurrence is such as in the ordinary course of events does not

happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant, tending to show that the injury was not due to his want of care." 20 R. C. L., section 156, page 187.

In 20 R. C. L., section 158, page 191, the law is stated thus:

[6] "*158. Falling Objects as Authorizing Presumption of Negligence.*—The doctrine of *res ipsa loquitur* has found frequent application in cases of injuries from falling objects and substances. Evidence that an object whose fall has caused an injury to a traveler upon a public thoroughfare was under the management of the defendant, or his servants, has frequently been held to be sufficient to establish a want of due care on the part of such defendant, if the accident is such as in the ordinary course of things does not happen, and no adequate explanation of its occurrence is offered. The rule has been applied in many instances to injuries produced by the fall of awnings, signs, walls, buildings, parts of buildings, building materials, tools, electric wires and many other objects."

The jury, who saw the witnesses and heard them testify, found for the plaintiff. The trial judge has put his stamp of approval upon their verdict. A careful consideration of all the facts and circumstances disclosed by the evidence fails to convince us that the verdict is against the evidence or without sufficient evidence to support it.

*Affirmed.*