23570. WOLKIN v. NATIONAL ACCEPTANCE COMPANY.

ARGUED JULY 13, 1966—DECIDED SEPTEMBER 8, 1966—REHEARING DENIED SEPTEMBER 22, 1966.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel, Gerald A. Friedlander,* for appellant.

*Harmon & Thackston, Nolan B. Harmon, G. W. Thackston, Jr.,* for appellee.

ALMAND, Justice. Mrs. Ida Wolkin signed a contract in favor of the National Acceptance Company (N.A.C.) entitled a "guaranty" with Paul Wolkin, her husband, and Marvin Wolkin, her son. The contract provided in part that "the undersigned,

for value received, do hereby unconditionally guarantee . . . the prompt payment in full when due or declared due and at all times thereafter (waiving notice of nonpayment) of any and all indebtedness, liability or liabilities, primary, secondary or contingent, of any and every kind or nature, now or hereafter owing or to become owing" to N.A.C. by the Georgia Parlor Furniture Company, a corporation. The contract further provided that N.A.C. "shall not be required to prosecute collection, enforcement or other remedies against the debtor or against any person liable . . . before calling on us [the undersigned] for payment. . ."

The National Acceptance Company brought a proceeding in Fulton Superior Court against the Fulton National Bank of Atlanta, Mrs. Ida Wolkin, as co-executor of her husband's will, and individually, and Marvin Wolkin to collect an alleged indebtedness owed to it by Georgia Parlor Furniture Company. In addition to other pleadings, Mrs. Wolkin filed a motion for a summary judgment to dismiss her as a defendant in the case. By affidavit in support of her motion, it was shown that Mrs. Wolkin was married at the time she signed the contract; that she received no money or anything else of value at the time she signed the contract; that she did not owe and never has owed money to N.A.C., and that she never has been an officer, director, stockholder or employee of Georgia Parlor Furniture Company. An affidavit by L. H. Tayne, President of N.A.C., was introduced in which he stated that he knew that N.A.C. had loaned Georgia Parlor money based in part on Mrs. Wolkin having signed the "guaranty," and it would never have done so unless induced to do so by Mrs. Wolkin.

The trial court granted the motion for summary judgment and dismissed Mrs. Wolkin as a defendant in the case in her individual capacity. The Court of Appeals reversed this order in *National Acceptance Co. v. Fulton Nat. Bank of Atlanta*, 113 Ga. App. 517 (148 SE2d 907). We granted certiorari.

The sole question decided by the Court of Appeals and now before this court is whether the contract in question is one of suretyship or guaranty. In our opinion, the Court of Appeals erred in holding the contract to be one of guaranty and re-

versing the granting of defendant's motion for a summary judgment.

*Code* § 103-101 provides that "the contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a *benefit flowing to the guarantor.*" (Emphasis supplied.) See also *Fields v. Willis,* 123 Ga. 272, 275 (51 SE 280); *Hirsch & Co. v. Meldrim,* 124 Ga. 717, 720 (52 SE 813). Also it has been held that where the contract recites that it is made for "value received" and is prima facie a contract of guaranty, parol evidence is admissible to show that there was no independent consideration flowing to those signing as guarantors and the contract is one of suretyship. *Paris v. Farmers & Merchants Bank,* 143 Ga. 324 (1) (85 SE 126). *Code* § 103-306 also allows proof by parol of suretyship where the fact does not appear on the face of the contract, and the words "value received" have been held not to show conclusively that there was consideration. *Baggs v. Funderburke,* 11 Ga. App. 173, 175 (74 SE 937). Finally, it has been recently held that the mere nomenclature of the contract as one of guaranty is not determinative. *Fagelson v. Pfister Aluminum Corp.,* 109 Ga. App. 663 (1) (137 SE2d 313) (certiorari denied). The court further stated in the *Fagelson* case that provisions similar to those set out above making the parties signing the contract primarily liable for the debt was evidence that it was a contract of suretyship.

We hold that where, as here, there is undisputed evidence that no new, separate and independent consideration of any kind flowed to the party who signed a contract agreeing to be liable for the debt of another, the contract is one of suretyship and not guaranty and cannot be enforced against a married woman under *Code* § 53-503.

The case of *Durham v. Greenwold,* 188 Ga. 165 (3 SE2d 585), which has been argued as being contrary to our decision here, supports our holding in principle, but there the court affirmed the overruling of a general demurrer to a petition which alleged consideration in a similar contract, there being no extrinsic evi-

dence showing that there was in fact no independent consideration flowing to the party who signed as a guarantor. Subsequently in the same case (*Greenwold Grift Co. v. Durham*, 191 Ga. 586 (13 SE2d 346)), this court affirmed the granting of a nonsuit where on the trial of the case there was no evidence which showed a valid consideration for a contract other than one of suretyship. The *Greenwold* cases, supra, do not require a different holding from the decision in this case and are consistent with this opinion.

*Judgment reversed. All the Justices concur.*