**FRUEHAUF CORPORATION, Appellant,**

**v.**

**Elizabeth S. McINTIRE, Appellee.**

**No. 26412.**

United States Court of Appeals
Fifth Circuit.

March 19, 1969.

Frederick B. Davis, Savannah, Ga., for appellant.

Walter C. Hartridge, II, Bouhan, Williams & Levy, Savannah, Ga., for appellee.

Before GEWIN, GOLDBERG . and DYER, Circuit Judges.

DYER, Circuit Judge:

The sole issue presented by this appeal is whether an agreement signed by Elizabeth McIntire, a married woman, was one of suretyship which under Georgia law could not bind her separate estate.

Indeed it was. We affirm the summary judgment in her favor.[1]

On December 3, 1963, the Fruehauf Corporation entered into a loan agreement with General Transport Company, the loan being secured by a chattel mortgage on certain General Transport hauling equipment. On December 4, 1963, Mrs. McIntire signed an instrument executed the preceding day by her husband James McIntire, which purported to be a "guaranty" of the General Transport loan by the McIntires "for value received." About a year later, General Transport filed a petition in bankruptcy, and on August 7, 1967, in a declaratory action based on diversity of citizenship jurisdiction, Mrs. McIntire sought discharge from the instrument she had signed on December 4, 1963.

She moved for summary judgment on the ground that the executed instrument was one of suretyship rather than guarantyship,[2] and under Georgia law it could not bind her separate estate.[3] In support of the motion were filed affidavits to the effect that she was married at the time she executed the instrument; that she was neither an officer nor a shareholder of General Transport; that she has never received any salary or remuneration from General Transport; that at the time she signed the instrument Fruehauf had already lent all money contemplated by the loan agreement to General Transport; and that at no time has she received any money or anything of value from Fruehauf in consideration for having signed the instrument on December 4, 1963. In response to the motion for summary judgment were filed affidavits to the effect that Fruehauf had insisted upon Mrs. McIntire's signing the instrument and the loan was conditioned upon her doing so; and that actual disbursement of the loan proceeds under the December 3rd agreement did not occur until December 4, 1963, when both the McIntires had signed the instrument. On the basis of the motion and affidavits the District Court granted summary judgment in favor of Mrs. McIntire.

██ ██ Mrs. McIntire argues that since this is a diversity case governed by state law, Erie R. R. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 we should affirm on the basis of Wolkin v. National Acceptance Co., 1966, 222 Ga. 487, 150 S.E.2d 831. In *Wolkin* the Supreme Court of Georgia, on facts in all material respects "on all fours" with those sub judice,[4] held

> that where, as here, there is undisputed evidence that no *new, separate and independent consideration* of any kind flowed to the party who signed a contract agreeing to be liable for the debt of another, the contract is one of suretyship, and not guaranty and cannot be enforced against a married woman under Code § 53–503. *Id.* at 489, 150 S.E.2d at 832–833 (emphasis added).

1. Under Rule 18, the Court has placed this case on the Summary Calendar for disposition without oral argument. *See* Floyd v. Resor, 5 Cir. 1969, 409 F.2d 714, n. 2 [February 24, 1969].

2. 28A Ga.Code Ann. § 103–101 (1968): The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor.

3. 16 Ga.Code Ann. § 53–503 (1968): "[W]hile the wife may contract, she may not bind her separate estate by any contract of suretyship * * *."

4. Here the only semblance of a factual dispute concerns the time the loan proceeds were actually disbursed. *Wolkin* and other cases, *e. g.*, Durham v. Greenwold, 1939, 188 Ga. 165, 3 S.E.2d 585; Greenwold Grift Co. v. Durham, 1941, 191 Ga. 586, 13 S.E.2d 346, clearly indicate that this is immaterial, since the determinative factor is the existence of a benefit flowing to the alleged guarantor. The affidavits in support of the motion for summary judgment sub judice were obviously modeled on those filed in *Wolkin*. The affidavits in opposition have a like resemblance. *See Wolkin, supra* at 489, 150 S.E.2d at 831–832.

*Wolkin* makes it crystal clear that a guaranty contract requires a new, separate and independent consideration constituting a *benefit* flowing to the guarantor.

In urging reversal, Fruehauf relies on Florida Asphalt Pavement Mfg. Co. v. Federal Reserve Bank, 5 Cir. 1935, 76 F.2d 326, a case construing guarantyship contracts under Florida law, which bears little resemblance to this Georgia diversity case. Fruehauf also leans heavily on Scarboro v. Universal C. I. T. Credit Corp., 5 Cir. 1966, 364 F.2d 10, a diversity case construing Georgia guarantyship law. But this decision is clearly distinguishable[5] and was rendered prior to the Georgia Supreme Court's clearly controlling decision in *Wolkin*.

Fruehauf joins the lament of Judge Hall of the Court of Appeals of Georgia in National Acceptance Co. v. Fulton Nat'l Bank, 1966, 113 Ga.App. 517, 148 S.E.2d 907, where, quite understandably in view of the then-existing law in this area, the learned judge deplored its "state of inextricable confusion." The Georgia Supreme Court, however, extricated the guarantyship-suretyship law from confusion when in *Wolkin* it reversed Judge Hall's decision. Judge Hall agreed that the confusion had been dispelled when in National Acceptance Co. v. Fulton Nat'l Bank, 1966, 114 Ga.App. 562, 152 S.E.2d 3, not referred to by Fruehauf, he delivered the opinion vacating the first *National Acceptance Co.* judgment.

■ Fruehauf's arguments leave us unpersuaded. But we are persuaded of the wisdom of diminishing the waste of judicial time by eliminating oral argument in unsubstantial cases such as this.[6] The judgment of the District Court is

Affirmed.

5. Among other things the wife was a shareholder of the corporation, and "[s]ufficient consideration flowed to Mrs. Scarboro in the form of protection for her

investment in the dealership." 364 F.2d at 14.

6. *See* note 1 *supra.*