INEZ HOOKER WILLIAMS v. GENERAL MOTORS CORPORATION AND TRADERS CHEVROLET COMPANY

No. 7318SC561

(Filed 12 September 1973)

1. Courts § 21— breach of warranty — law of place of contract
      The law of the place of contract governs an action for breach of warranty.

2. Sales § 17; Uniform Commercial Code § 15— breach of warranty — car manufacturer — necessity for privity
      Plaintiff who was injured while driving a borrowed automobile could not recover from the manufacturer of the automobile on the theory of breach of warranty where plaintiff presented no evidence of an express warranty to which she had privity and no evidence of any advertising or directions as to use by the manufacturer so that a warranty could be viewed as running to her, and plaintiff's evidence showed that she was not a member of the family or household or a guest in the home of the buyer so as to escape the privity requirement under the Uniform Commercial Code. G.S. 25-2-318.

3. Courts § 21; Negligence § 6— res ipsa loquitur — law of place of injury
      Where plaintiff's injury occurs in another state and plaintiff relies on the doctrine of *res ipsa loquitur,* the substantive rights of the parties are governed by the law of such other state.

4. Negligence §§ 6, 31; Sales § 22— action against car manufacturer — one-car accident — inapplicability of res ipsa loquitur
      The doctrine of *res ipsa loquitur* would not apply under Virginia law in plaintiff's action against a car manufacturer to recover for

injuries received in a one-car accident where plaintiff presented evidence that the accident was caused by a carburetor defect which caused the accelerator to stick, and where plaintiff's evidence showed that the manufacturer did not at all times have exclusive control of the car.

**5. Courts § 21; Negligence § 5— strict liability — what law governs**

Rights of the parties under the doctrine of strict liability are to be determined by the *lex loci deliciti commissi.*

**6. Negligence § 5; Sales § 23— strict liability — car manufacturer**

Under Virginia law, the doctrine of strict liability in tort would not apply in plaintiff's action against a car manufacturer to recover for injuries received in a one-car accident when the accelerator stuck.

**7. Negligence § 29; Sales § 22— one-car accident — action against car manufacturer — insufficiency of evidence of negligence**

In this action against the manufacturer of a 1966 Chevrolet to recover for injuries received in a one-car accident allegedly caused by a defective carburetor which caused the accelerator to stick, plaintiff's evidence was insufficient to be submitted to the jury on the theory of negligence where it tended to show only that there had been a recall of some 1966 Chevrolets because of a carburetor defect but there was no evidence that the carburetor of the car plaintiff was driving was defective, and there was no evidence of any breach of duty with respect to the design, manufacture, inspection or testing of the carburetor on the car plaintiff was driving.

APPEAL by plaintiff from *Exum, Judge,* 10 January 1972 Civil Session of GUILFORD Superior Court.

Plaintiff instituted this action to recover for personal injuries sustained in a one-car automobile accident in Mecklenburg County, Virginia, plaintiff being the driver. At the close of plaintiff's evidence, defendants' motions for directed verdict were granted and from judgment entered in favor of defendants, plaintiff appeals.

*Max D. Ballinger for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter by Beverly C. Moore for defendant appellee General Motors Corporation.*

*Jordan, Wright, Nichols, Caffrey & Hill by Karl N. Hill for defendant appellee Traders Chevrolet Company.*

BRITT, Judge.

Plaintiff's sole assignment of error is the granting of the motions for directed verdict. The test of whether the court may grant a motion for directed verdict in favor of a defendant at

the close of plaintiff's evidence is whether, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff when all the evidence is considered in the light most favorable to the plaintiff. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971).

Plaintiff's evidence tended to show: She had borrowed the automobile in question from one James Milton for a trip to Baltimore, Maryland. Milton had recently acquired the vehicle, a 1966 Chevrolet Caprice made by defendant General Motors Corporation (GMC), from defendant Traders Chevrolet Company (Traders). She had borrowed the car on other occasions but had never had the accelerator to stick. The accelerator had stuck previously while Milton was driving the car and he had told Mr. Edwards, a salesman of Traders who had sold him the car, about the problem. However, at the time of the accident Milton was not driving or riding in the car and had not had the problem corrected. As plaintiff was driving the borrowed auto along Interstate 85 near Petersburg, Virginia, and where the road came to a dead end, she could not stop the car either by taking her foot off the accelerator, depressing the brakes, or applying the emergency brake. Plaintiff noted that the speedometer registered 90 m.p.h. at this point. All traffic was forced to take an exit ramp by the dead end and in negotiating the ramp plaintiff struck a guardrail due to the excessive speed, left the road, and sustained injuries.

Through the testimony of W. D. McClure of GMC, plaintiff showed that there was a recall of some 1966 Chevrolets due to a problem with the fast idle cam in the carburetor breaking and jamming the throttle open. McClure's testimony also showed that there were specific serial numbers involved, not all 1966 Chevrolet Caprice automobiles were recalled, and he did not know if this particular auto was one of those which should have been recalled.

As to GMC, plaintiff relies on seven theories: (1) misrepresentation, (2) breach of warranty, (3) negligence in design of the accelerator and brake systems, (4) negligence in failure to inspect and test the accelerator and brake systems, (5) negligence in the manufacture and installation of the accelerator and brake systems, (6) negligence under the doctrine of *res ipsa loquitur*, and (7) strict liability in tort.

Plaintiff presented no evidence tending to show representations or misrepresentations made by GMC to anyone.

Williams v. General Motors Corp.

[1, 2]   Plaintiff concedes that as to breach of warranty, the law of the place of the contract governs, *Fast v. Gulley*, 271 N.C. 208, 155 S.E. 2d 507 (1967), and that in this case the place of the contract is North Carolina. It appears to be settled in this jurisdiction that, subject to some exceptions, it is the general rule that only a person in privity with the warrantor may recover on the warranty. *Wyatt v. Equipment Company*, 253 N.C. 355, 117 S.E. 2d 21 (1960). The slight erosion in this State of the privity requirement in breach of warranty actions appears to have been limited to cases involving food, drink and insecticides in sealed containers, which had warnings on the label which reached the ultimate consumer. *Byrd v. Rubber Company*, 11 N.C. App. 297, 181 S.E. 2d 227 (1971). Plaintiff presented no evidence of an express warranty to which she has privity, and no evidence of any advertising or directions as to use by GMC so that a warranty can be viewed as running to her as in the cases of *Tedder v. Bottling Co.*, 270 N.C. 301, 154 S.E. 2d 337 (1967) and *Corprew v. Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98 (1967). Neither may plaintiff take advantage of any warranties implied by the Uniform Commercial Code, G.S. Ch. 25, since her evidence shows that she is not a member of the family or household or a guest in the home of the buyer so as to escape the privity requirement. G.S. 25-2-318.

[3]   As to *res ipsa loquitur*, our Supreme Court has held that where the plaintiff's injury occurs in Virginia and plaintiff relies on the doctrine of *res ipsa loquitur*, the substantive rights of the parties are governed by the law of that state. *Jones v. Elevator Co.*, 234 N.C. 512, 67 S.E. 2d 492 (1951). Therefore, we look to the law of Virginia for the law of this case on that theory.

In *Arnold v. Wood*, 173 Va. 18, 25, 3 S.E. 2d 374, 376 (1939), we find:

"* * * [I]t is well settled in this State that this doctrine applies only in the absence of evidence and when the cause of the accident is not explained. It does not apply where, as in the instant case, there is evidence explaining the cause of the accident. *Richmond v. Hood Rubber Products Co.*, 168 Va. 11, 16, 17, 190 S.E. 95; *Norfolk Coca-Cola Bottling Works, Inc. v. Krausse*, 162 Va. 107, 115, 173 S.E. 497; *Riggsby v. Tritton*, 143 Va. 903, 912, 129 S.E. 493, 45 A.L.R. 280."

"* * * The doctrine rests upon the assumption that the thing which causes the injury is under the exclusive management and control of the defendant, and that the accident is such as in the ordinary course of events does not happen without fault on the part of the defendant. *Duke v. Luck,* 150 Va. 406, 412, 143 S.E. 692. But the doctrine does not apply in the case of an unexplained accident which may have been attributable to one of several causes, for some of which the defendant is not responsible. *Peters v. Lynchburg Light & Traction Co.,* 108 Va. 333, 337, 61 S.E. 745, 22 L.R.A. (N.S.) 1188; *Riggsby v. Tritton, supra* (143 Va. 903, at pages 914, 915, 129 S.E. 493, 45 A.L.R. 280)."

[4] In the instant case plaintiff had ready access to the cause of the accident and, indeed, put on evidence as to the cause. Therefore, this is not a case of an unexplainable event so that the doctrine would apply under Virginia law. In addition, plaintiff's evidence clearly shows that GMC did not at all times have exclusive control over the automobile, and there was ample time after the vehicle left the hands of GMC during which time something else could have happened to it which could cause the accident.

[5] Strict liability is similar to the doctrine of *res ipsa loquitur* in that it creates substantive rights in the parties. This being true, under the strict liability theory the rights of the parties in this case will be determined by the *lex loci deliciti commissi,* which is the law of Virginia. *Shaw v. Lee,* 258 N.C. 609, 129 S.E. 2d 288 (1963); *Jones v. Elevator Co.,* 234 N.C. 512, 67 S.E. 2d 492 (1951); *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911 (1943).

In the case of *Olds v. Woods,* 196 Va. 960, 86 S.E. 2d 32 (1955), the Virginia court recognized the rule that a manufacturer or seller of an inherently dangerous article, or one which becomes so when used in its intended and customary manner, is liable to any person, who, without fault on his part, sustains an injury which is the natural and proximate result of negligence in the manufacture or sale of the article. But our research of Virginia law reveals no case where the court has held that an automobile is an article which is inherently dangerous or which becomes so when used in its normal manner. We, therefore, find it necessary to speculate as to how the Virginia court would hold were it presented this problem. *Cooper v. American Airlines,* 149 F. 2d 355 (2d Cir. 1945).

[6]   In *Olds, supra*, the court held that a hair shampoo was not inherently dangerous. In *Bronze Corporation v. Kostopulos*, 203 Va. 66, 122 S.E. 2d 548 (1961), the court did not apply this doctrine to sliding glass doors which allowed water to penetrate hotel rooms. In *Green & Company v. Thomas*, 205 Va. 903, 140 S.E. 2d 635, 9 A.L.R. 3d 376 (1965) the court refused to apply *res ipsa loquitur* in a blasting case which was apparently tried on a strict liability theory. In view of this last case, which presented a situation in which strict liability is by far the most commonly applied, we are of the opinion that the Virginia court, faced with the situation in the present case, would refuse to apply the doctrine of strict liability in tort.

[7]   Plaintiff's other theories of negligence can be treated identically. Again the *lex loci delicti commissi* will apply and again we look to the law of Virginia. The law of negligence in Virginia requires that there be a duty, a breach thereof, and consequent harm resulting therefrom. *Manieri v. S. A. L. Ry. Co.*, 147 Va. 415, 137 S.E. 496 (1927) ; *Boggs v. Plybon*, 157 Va. 30, 160 S.E. 77 (1931) ; *Filer v. McNair*, 158 Va. 88, 163 S.E. 335 (1932) ; *C. D. Kenny Co. v. Dennis*, 167 Va. 417, 189 S.E. 164 (1937) ; *Cleveland v. Danville, etc., Co.*, 179 Va. 256, 18 S.E. 2d 913 (1942) ; *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 66 S.E. 2d 441 (1951) ; *Bartlett v. Recapping, Inc.*, 207 Va. 789, 153 S.E. 2d 193 (1967). In this case there is no evidence that there has been any breach of duty with respect to the design, manufacture, inspection, or testing of the carburetor on the car complained of. There is evidence that the carburetors of some 1966 Chevrolets were defective but there is none to show that the carburetor of the car involved in this action was one of those which was defective and caused the harm suffered by plaintiff.

We conclude that as a matter of law, on the evidence presented in this action, plaintiff could not recover from GMC on any of her theories and that the trial judge was correct in directing a verdict in GMC's favor.

The plaintiff relied on five theories as to Traders: breach of warranty, misrepresentation, negligence under the doctrine of *res ipsa loquitur*, negligence in failure to inspect and test the brake and accelerator systems, and strict liability in tort. The same reasoning which applies in the case against GMC applies as to Traders on all these theories. There could be no recovery under express warranty because there was no evidence as to

any warranties, directions as to use, or advertising. There could be no recovery by implied warranty since the plaintiff is not one of those persons to whom the implied warranties extend by G.S. 25-2-318. There is no evidence of any representations or any failure on the part of Traders to inspect and test the auto that plaintiff was driving. And finally under the law of Virginia the doctrines of strict liability and *res ipsa loquitur* would not apply.

.Therefore, as a .matter of law .plaintiff could not recover from Traders on any theory advanced and the trial judge was correct in directing a verdict in Traders' favor.

Affirmed.

Judges MORRIS and PARKER concur.