**Elizabeth WHEELER, Plaintiff-Appellee,**

v.

**STANDARD TOOL AND MANUFACTURING COMPANY, Defendant-Appellant.**

No. 487, Docket 73-1913.

United States Court of Appeals, Second Circuit.

Argued Feb. 22, 1974.

Decided May 20, 1974.

Allan H. Gordon, Philadelphia, Pa. (Norman J. Landau, New York City, and Edward L. Wolf, Philadelphia, Pa., on the brief), for plaintiff-appellee.

John G. Reilly, New York City (Thomas R. Newman, Benjamin H. Siff, and Reilly & Reilly, New York City, on the brief), for defendant-appellant.

Before LUMBARD, FRIENDLY and TIMBERS, Circuit Judges.

PER CURIAM:

This appeal brings up for review a judgment entered in a diversity negligence action now in its fifth year and arising from an accident that occurred more than seven years ago.

The judgment was entered after a bench trial in the Southern District of New York before Kevin T. Duffy, *District Judge*. It awarded plaintiff $12,500 general damages, plus $872.10 special damages, for personal injuries sustained while plaintiff was operating a hypodermic syringe assembly machine designed and manufactured by defendant.

The accident occurred on December 16, 1966 at the plant located in Canaan, Connecticut, of Becton-Dickinson & Company (Becton) where plaintiff was employed. At the time of the accident, plaintiff was operating one of Becton's machines which had been designed and manufactured by defendant Standard Tool & Manufacturing Company (Standard) at its plant in Lyndhurst, New Jersey, in 1963. The machine was known as a plastic syringe assembly machine. The accident occurred when plaintiff slipped on some waste materials ejected by the machine. As she slipped, she instinctively thrust her right hand forward. This hand became caught in the machine's unguarded needle assembly station. She sustained an injury to her right index finger for which damages were awarded by the district court below.

■ The theory of plaintiff's action is not one of ordinary negligence, but rather one of strict liability against the manufacturer of a dangerous machine. Restatement (Second) of Torts § 402A (1965).[1] We hold that Judge Duffy applied the correct choice of law rule in ultimately looking to Connecticut to determine the applicable law of strict liability. And we further hold that he correctly concluded that the Connecticut courts in cases of strict liability apply the Restatement, *supra*, § 402A. Basko v. Sterling Drug, Inc., 416 F.2d 417, 425 (2 Cir. 1969); DiMeo v. Minster Machine Company, Inc., 388 F.2d 18, 20 (2 Cir. 1968).

■ After a careful review of the evidence, including an evaluation of the evidence for credibility, Judge Duffy found that the absence of a guard at the needle inserting station was a "defective condition unreasonably dangerous to the user" within the meaning of § 402A. We hold that this finding was supported by substantial evidence and was not clearly erroneous.

We also reject, as did Judge Duffy, Standard's massive reliance upon its claim that it simply built a special purpose machine in accordance with Becton's specifications and left it to Becton to determine what safety devices were required for the moving parts above the lower section of the machine. This ignores the thrust of § 402A as well as critical evidence upon which Judge Duffy relied in making his findings. There is no reason in principle, or under § 402A, why a manufacturer of a complicated machine which is to be used by another manufacturer may not avoid its strict liability by making it plain to the purchaser that it is relying on it to take

---

[1]. Restatement (Second) of Torts § 402A (1965) provides as follows:

"§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

    (a) the seller is engaged in the business of selling such a product, and

    (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

    (a) the seller has exercised all possible care in the preparation and sale of his product, and

    (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

over the provision of safeguards at a certain point. See Schipper v. Levitt & Sons, Inc., 44 N.J. 70, 207 A.2d 314 (1965). But whether Standard did so here was a question of fact which Judge Duffy resolved against Standard. We hold that this finding was supported by substantial evidence and was not clearly erroneous.

We have carefully considered each of appellant's claims of error and find them without merit.

Affirmed.