**SOUTHERN LAND & DEVELOPMENT COMPANY, INC., Plaintiff-Appellee,**

**v.**

**Louise C. SILVERS, Defendant-Appellant.**

**No. 74–1123.**

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1974.

Decided July 11, 1974.

Harry Weill, Chattanooga, Tenn., for defendant-appellant.

Ford P. Mitchell, Chattanooga, Tenn., for plaintiff-appellee.

Before PECK, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in an action on a promissory note to re-

cover against appellant, Louise C. Silvers, and her husband. Both had agreed in writing to "guarantee" payment of the note for Cherokee Motor Lines, Inc., a corporation in which appellant's husband was a principal. The parties stipulated to the liability of appellant's husband and left for determination by the district court only the question whether Louise Silvers was liable as a guarantor of the note. She contended that she was not liable because of 16 Ga. Code Ann. 53–503, which provides:

*Wife feme sole as to her separate estate; binding separate estate.*—The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void.

The parties stipulated the facts relevant to this issue as follows:

The parties stipulate that Louise C. Silvers, wife of Malcolm T. Silvers, was not a shareholder, officer, or director of Cherokee Motor Lines, Inc.; but that she was an employee of Cherokee Motor Lines from October, 1967, until the latter part of January, 1968, that she received a salary of $100.00 per week during this time, and that her duties consisted of assisting in the bookkeeping and paying of bills.

■ The note provided and the parties agree that Georgia law was applicable. Under that law a contract of guaranty is distinguished from a contract of suretyship by the existence of a sufficient consideration flowing to the guarantor. *See* 28A Ga. Code Ann. 103–101. And it is settled law in Georgia that the mere recitation "for value received" in the instrument is not controlling. The trial judge correctly rec-

ognized that Wolkin v. National Acceptance Co., 222 Ga. 487, 150 S.E.2d 831 (1966), was the leading decision on the issue of appellant's liability. He determined:

. . . [T]he extension of credit to her employer, Cherokee, was a benefit to Mrs. Silvers. It is reasonable to infer that this credit assisted Cherokee in continuing in business—an obvious condition of Mrs. Silvers' continued employment. Thus there existed a sufficient new, separate and independent consideration flowing to Mrs. Silvers to comply with the rule laid down in the *Wolkin* case.

■ We reverse because we determine that this was not a correct application of Georgia law. *Wolkin, supra,* 150 S.E.2d at 832–833, held that "where . . . there is undisputed evidence that no *new, separate and independent* consideration flowed to the party who signed a contract agreeing to be liable for the debt of another, the contract is one of suretyship and not guaranty and cannot be enforced against a married woman under Code § 53–503." (emphasis added). *See also* Fruehauf Corp. v. McIntire, 408 F.2d 910 (5th Cir. 1969) (applying Georgia law and following *Wolkin*). The district court's inference that appellant's continuing employment was a consequence of the loan to the corporation does not satisfy this requirement. Her employment was neither new, nor was it separate and independent of the consideration that passed to the principal debtor, Cherokee. Instead, any incidental benefit received by appellant was wholly derived from and dependent upon the money received by Cherokee in exchange for the note.

■ We believe the Tennessee courts, if presented with this issue, applying Georgia law, would arrive at this result, and, since this is a diversity case, we must decide it as they would.

The judgment of the district court is reversed and the case remanded with instructions to enter judgment for appellant.