Robert F. BABCOCK

v.

MAPLE LEAF, INC. and Progressive Dynamics, Inc.

No. CIV.–1–76–115.

United States District Court, E. D. Tennessee, S. D.

Dec. 28, 1976.

Andy D. Lewis, Morgan, Garner & Wood, Chattanooga, Tenn., for plaintiff.

Thomas, Leitner, Mann, Warner & Owens, Chattanooga, Tenn., London, Yancey, Clark & Allen, Birmingham, Ala., for Maple Leaf, Inc.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for Progressive Dynamics, Inc.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This case is presently before the Court upon a motion by defendant Maple Leaf, Inc. to add the United States of America as a party to this lawsuit and upon a motion by Maple Leaf, Inc. for partial summary judgment upon a conflicts of law issue. The defendant, Progressive Dynamics, Inc., joins in the motions.

This case involves a diversity action arising out of the alleged explosion of a gas range in a recreational travel trailer which explosion resulted in severe burns to the plaintiff, an Alabama resident. Pursuant to certain stipulations entered into between the parties upon September 7, 1976, it has been established that the accident complained of occurred in Talladega Springs, Alabama. The defendant, Maple Leaf, Inc., an Indiana corporation, manufactured the recreational travel trailer in question, whereas the gas regulator on the propane tank supply of said trailer was manufactured by the defendant, Progressive Dynamics, Inc., a Michigan corporation. After the manufacture and assembly of the component parts, the trailer was shipped to Adams Trailer Sales in Chattanooga, Tennessee, where it was sold to one Roy E. Workman. The plaintiff sustained his injuries on October 4, 1974, while an occupant of the trailer owned by Mr. Workman. Originally this lawsuit was filed in the United States District Court for the Northern District of Alabama, but upon motion by the plaintiff the suit was transferred to this Court pursuant to 28 U.S.C. § 1406(a).

■ Turning first to the motion to add the United States of America as a party plaintiff, or alternatively, as a party defendant to this lawsuit, the defendants state that the Government has become a real party in interest in this lawsuit since it has indicated that it will enforce its statutory lien in the amount of $19,677.00 for medical treatment rendered to the plaintiff, as authorized by 42 U.S.C. §§ 2651–2653.[1] Defendants contend that the plaintiff was an enlisted member of the United States Armed Forces at the time of the accident and that a substantial portion of his medical treatment took place at the Burn Center of the Brook Memorial Army Hospital in San Antonio, Texas. Under 42 U.S.C. § 2651(a) and (b), if the defendants are indeed liable to the plaintiff, the Government would be entitled to sue the defendants for any medical treatment furnished by the Government

---

1. The relevant portions of the statute are as follows:

"In any case in which the United States is authorized or required by law to furnish hospital, medical, [or] surgical . . . treatment . . . to a person who is injured . . . after the effective date of this Act, under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured . . . person . . . has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished." 42 U.S.C. § 2651(a).

"The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured . . . person . . . against the third person who is liable for the injury . . .; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury involved, institute and prosecute legal proceedings against the third person who is liable for the injury . . . in a State or Federal court, either alone (in its own name or in the name of the injured person . .) or in conjunction with the injured . . . person . . . ." 42 U.S.C. § 2651(b).

to the plaintiff for injuries sustained as a result of defendants' tort. The Government may maintain its lien for medical services against the defendants either independently of the plaintiff or, it may intervene or join in any action brought by the injured party. *United States v. York*, 398 F.2d 582 (6th Cir. 1968); *United States v. Merrigan*, 389 F.2d 21 (3rd Cir. 1968). Because the defendants feel they may be subject to future litigation by the Government and possible double liability, they move for an order joining the Government as a party to this lawsuit.

■ Rule 19(a) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff."

Although there is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a), general policies which should be considered in this regard include avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case with-

out them. Wright and Miller, Federal Practice and Procedure, § 1604, p. 35.

■ In the instant case it would appear that the interests of all parties, including the interests of judicial economy, would best be served by a joinder of the Government in this action as a plaintiff. This would enable all parties concerned to settle their controversy in one lawsuit and would avoid any potential problem of exposing the defendants to the risk of incurring double liability. Before the Court can order a joinder of parties who should be additional plaintiffs in a lawsuit, however, Rule 19(a) provides that such parties must first refuse to join voluntarily. *See Independent Wireless Telegraph Company v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); *Ferrara v. Rodale Press, Inc.*, 54 F.R.D. 3 (E.D.Pa.1972); Wright and Miller, Federal Practice and Procedure, § 1606. Since there is no indication that the Government would not join in this lawsuit if given notice and opportunity to do so, the Court will allow the Government a period of time in which it may intervene in this action as a party plaintiff. If at the end of such period the Government refuses to join in this action, the defendants may renew their motion to add the Government as a defendant.[2]

Turning next to the defendants' motion for partial summary judgment, the motion simply seeks a declaration as to the governing law to be applied with respect to each of the legal theories asserted by the plaintiff in this action, those theories being common law negligence, strict liability and breach of warranty. The conflicts of law issue arises from the fact that both the State of Tennessee and the State of Alabama have a connection to this lawsuit.

Having considered the brief submitted by the defendant, Maple Leaf, Inc., on the conflicts of law issue, and further consider-

**2.** Although Rule 19(a) provides that a party may be added as an involuntary plaintiff if he refuses to join as a plaintiff, a party may be made an involuntary plaintiff only if he is beyond the jurisdiction of the court. If he is within the jurisdiction he must be served with process and made a defendant. *Independent*

*Wireless Telegraph Company v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); *Blacks v. Mosley Machinery Co., Inc.*, 57 F.R.D. 503 (E.D.Pa.1972); Wright and Miller, Federal Practice and Procedure, § 1606, p. 51.

ing plaintiff's response thereto, it appears that there is no dispute between the parties that the following propositions would apply to this case:

 (a) that the whole substantive law, including the conflict of law rules, of the State of Tennessee should apply;

 (b) that the law of Alabama should govern the plaintiff's action founded upon common law negligence;

 (c) that the law of Tennessee should apply as regards plaintiff's contract action based upon breach of warranty.

Accordingly, the only disputed issue with respect to the conflicts of law question concerns which state's law is to govern plaintiff's action based upon strict liability. The defendants argue that Alabama law should apply since the State of Alabama was the place where the injury here involved occurred. Plaintiff, on the other hand, argues that Tennessee law, or the law of the forum, should apply since there are no definitive choice of law rules in Tennessee dictating otherwise.

 It is of course well established that a federal district court, while sitting in its diversity jurisdiction, must apply the substantive law of the forum state, including its choice-of-law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Southern Land & Development Co., Inc. v. Silvers*, 499 F.2d 967 (6th Cir. 1974). In regard to torts, the rule has long prevailed in Tennessee that the law of the place where the tort occurred would control. *Winters v. Maxey*, 481 S.W.2d 755 (Tenn.1972); *Parsons v. American Trust & Banking Co.*, 168 Tenn. 49, 73 S.W.2d 698 (1934); *Sloan v. Nevil*, 33 Tenn. App. 100, 229 S.W.2d 350 (1949). This particular choice of law rule, known as the *lex loci* doctrine, originated out of the vested rights doctrine, namely that the right to recover for a foreign tort owes its creation to the law of the jurisdiction where the injury occurred and depends for its existence and extent solely on such law. *Winters v. Maxey, supra*; see 16 Am.Jur.2d,

"Conflicts of Law" § 71; *Annot.*, 29 A.L. R.3d 603. While some jurisdictions have abolished the *lex loci* doctrine in favor of the so-called "dominant contacts" rule (a rule which applies the law of the state which has the most significant contacts to a particular case), see *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963); *Wilcox v. Wilcox*, 26 Wis.2d 617, 133 N.W.2d 408 (1965), Tennessee has expressly chosen not to abandon its *lex loci* choice of law rule. *Winters v. Maxey, supra*, at 758 (Tenn.1972). Accordingly, as far as tort actions are concerned, in a conflicts of law situation *"lex loci"* is still the governing principle in Tennessee.

 Notwithstanding the continued viability of the *"lex loci"* principle, the plaintiff attempts to persuade the Court that strict liability, being a relatively new theory of tort recovery, should be treated differently in a conflicts of law situation from other traditional theories of tort recovery. Plaintiff fails, however, to cite any authority in support of its position. Although it does not appear that the Tennessee courts have addressed the specific question raised by the plaintiff, authorities from other jurisdictions have failed to make the distinction urged by the plaintiff between choice of law rules relative to strict liability and choice of law rules relative to other theories sounding in tort. See *Smith v. General Motors*, 382 F.Supp. 766 (N.D.Tex.1974), *aff.* 526 F.2d 304 (5th Cir. 1976); *Williams v. General Motors Corp.*, 19 N.C.App. 337, 198 S.E.2d 766 (1973). The general rule in this regard is stated in 72 C.J.S. Supplement Products Liability § 6, p. 9:

 "Generally, the Courts have followed traditional rules of conflicts of laws in products liability cases, and have applied the *lex loci delicti*, or the law of the locale where the tort occurred. The place of the tort is usually considered to be where the injury was incurred, even though the initial act on which the liability was predicated occurred elsewhere."

It would appear to this Court that Tennessee would follow the general rule that the law of the place where the injury occurs

would govern actions sounding in tort, irregardless of whether the tort is based upon negligence or strict liability. Not only is such a conclusion consistent with the reasoning of the vested rights doctrine, but also such a conclusion would avoid the undesirable situation of having to apply two different choice-of-law rules everytime a multi-state products liability case comes before the Court based upon two different theories of tort recovery—negligence and strict liability. Accordingly, the Court is of the opinion that in addition to the previous propositions asserted in connection to the conflicts of law issue presented in this case, Alabama law should govern plaintiff's cause of action insofar as the cause of action is based upon strict liability.[3]

An order will enter in accordance with this memorandum.

---

**3.** It is perhaps appropriate to note that even under the "dominant contacts" approach Alabama law would probably still govern plaintiff's cause of action to the extent it is based upon strict liability. It has been held in this regard that where an action rests upon strict liability, as contrasted to negligence, the jurisdiction where the injury occurred is considered to have a greater interest, due to its concern for compensation of the victim, than does the jurisdiction where the manufacturing of the product took place. *Wheeler v. Standard Tool & Manufacturing Co.*, 359 F.Supp. 298 (S.D.N.Y.1973) *aff.*, 497 F.2d 897 (2d Cir. 1974); *see* 72 C.J.S. Supplement Products Liability § 6, p. 9. In the instant case not only did the injury occur in Alabama, but the plaintiff is an Alabama resident.