HARSCO CORPORATION, D/B/A PATENT SCAFFOLDING CO. v. CISNE AND ASSOCIATES, INC., HARTFORD ACCIDENT & INDEMNITY COMPANY, AND CLEMSON UNIVERSITY

No. 7926SC613

(Filed 4 March 1980)

**Courts § 21.8— construction bond—provision specifying court in which action could be brought**

Pursuant to the provisions of the construction bond under which plaintiff sought recovery for labor and material furnished by it, all actions for claims on the construction project could only be brought in a state court in the county or other political subdivision of S. C. in which the project was located or in a federal court for the district in which the project was located.

APPEAL by plaintiff from *Allen (C. W.), Judge.* Judgment entered 22 May 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 January 1980.

This is an action growing out of a construction project on the campus of Clemson University, a municipal corporation of the State of South Carolina. S.C. Code § 59-119-310. Cisne and Associates, Inc. was the general contractor for the project. Cisne, as principal, filed a bond with Hartford Accident and Indemnity Company, as surety, in which it guaranteed payment for all labor and material used in the construction project. Among the terms of the bond were the following:

"3. No suit or action shall be commenced hereunder by any claimant:

\* \* \*

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere."

Cisne ceased work on the project on 18 February 1975. On 19 September 1977 the plaintiff filed this action. It alleged that Cisne was indebted to plaintiff for labor and material furnished for the construction project and that Hartford and Clemson were

indebted to plaintiff on the bond for Cisne's failure to pay the plaintiff's claim.

Defendants Hartford and Clemson made motions for summary judgment which were allowed. Plaintiff has appealed.

*John E. McDonald, Jr., for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon and Gray, by Robert L. Burchette, for defendant appellees.*

WEBB, Judge.

At the outset we note that the bond on which the plaintiff's claim against Hartford and Clemson is founded was filed in connection with a construction project to be performed in South Carolina for a South Carolina municipal corporation. The most significant contacts of this bond are with South Carolina, and we hold that South Carolina law governs as to the substantive rights of the parties under the contract. *See Charnock v. Taylor*, 223 N.C. 360, 26 S.E. 2d 911 (1943); *Williams v. General Motors Corp.*, 19 N.C. App. 337, 198 S.E. 2d 766 (1973); 16 Am. Jur. 2d, *Conflict of Laws*, § 71 (1979).

One of the conditions of the bond is that all actions for claims on the project must be brought in a state court in the county or other political subdivision of South Carolina in which the project is located, or in a federal court for the district in which the project is located. The plaintiff contends this condition should not be enforced by the courts of this state. We have not found in our research, and the parties have not cited in their briefs, any South Carolina authority which holds that such a condition limiting defendants' right to be sued is void under the law of South Carolina. The contract is clear that the parties intended such a restriction. Without any evidence that the courts of South Carolina would not enforce this provision, we do not feel we should hold it is against South Carolina policy to do so. Based on the plain words of the contract, we hold that under the law of South Carolina an action on the bond may be brought only in a state court of a county or other political subdivision in which Clemson University is situated or in a United States District Court in the district in which Clemson University is situated.

One of the principal reasons we enforce conflict of law principles is so the outcome of cases will be the same whether they are brought in the jurisdiction in which the claim originated or elsewhere. *See* 15A C.J.S., *Conflict of Laws*, § 1(1) (1967). Since we have held that under the law of South Carolina this action could be brought only in a state court of one or more counties in South Carolina or a United States District Court of some district of South Carolina, we hold that it cannot be brought in Mecklenburg County, North Carolina. Summary judgment for the defendants Hartford and Clemson was proper.

Affirmed.

Judges PARKER and ARNOLD concur.